[No. 7383.   Decided February 17, 1909.]

## ROTHCHILD BROS., *Appellant*, v. M. H. MAHONEY, *Respondent.*[1]

CORPORATIONS—ACTIONS—CAPACITY TO SUE—CONDITIONS PRECEDENT —PAYMENT OF LICENSE FEE—WAIVER OF OBJECTIONS. Laws 1907, p. 271, § 7, providing that no corporation shall be permitted to commence or maintain an action without alleging and proving that it had paid its annual license fee last due, relates only to the plaintiff's capacity to sue, and under Bal. Code, §§ 4907, 4909, if objection is not taken by demurrer or answer, the same is waived and the action cannot be dismissed for failure to prove payment of the fee (FULLERTON, CHADWICK, and DUNBAR, JJ., dissenting).

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered March 7, 1908, in favor of the defendant, upon dismissing an action on contract, for failure of proof.   Reversed.

*Belden & Losey* and *E. Fitzgerald*, for appellant.

*Ernest Peck*, for respondent.

CROW, J.—This action, instituted by Rothchild Bros., a foreign corporation doing business in this state, for the recovery of the value of merchandise sold, was commenced prior to the taking effect of chapter 140, Session Laws of 1907. The complaint did not allege that the plaintiff had paid its

[1]Reported in 99 Pac. 1031.

annual license fee last due.   The amended complaint and
reply were served and filed after the act took effect, but
neither of them made any allegation in reference to the
payment or nonpayment of the license fee.   Thereafter the
case came on for trial, both parties submitting evidence, at
the conclusion of which the defendant made the following
oral motion:

"That said action be dismissed on the ground and for the
reason that the plaintiff is a foreign corporation doing busi-
ness in this state and has wholly failed to allege or prove that
it has paid its license fee last due as required by chapter 140
of the Session Laws of the state of Washington for the year
1907."

The court, having heard the arguments of counsel, made
and entered an order sustaining the motion and dismissing
the action.   The plaintiff has appealed.

The appellant contends that § 7, of chapter 140, Laws
1907, p. 271, cannot be construed as applying to this action,
while the respondent makes the contrary contention.   It is
admitted that the action was commenced prior to the taking
effect of said act, and that the pleadings were not fully at
issue when it did take effect, no answer or reply having been
served until after August 1, 1907.   The contract sued upon
was made prior to the passage of the act, and the appellant
at that time had a perfect right to maintain its action in the
superior court without alleging or proving payment of its
annual license fee last due.   Section 7 of the act reads as
follows:

"No corporation shall be permitted to commence or main-
tain any suit, action or proceeding in any court of this state,
without alleging and proving that it has paid its annual
license fee last due.   .   .   . "

It is unnecessary for us to determine whether the section
applies to actions pending at the date of its enactment, our
view being that it only affects the plaintiff's capacity to sue.
Bal. Code, § 4907 (P. C. § 347), provides that the defendant

may demur to the complaint when it shall appear upon its face that the plaintiff has no legal capacity to sue. Section 4909 provides that, when the matters enumerated in § 4907 do not appear upon the face of the complaint, the objection may be taken by answer; and § 4911 provides that, if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting always the objection that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action. As failure to pay the license fee last due would, under the statute, only affect appellant's capacity to sue, the respondent, by failing to object either by demurrer or answer to such want of capacity, waived his right to do so. Under the issues thus raised by the pleadings, he could not thereafter insist that proof of payment of the license fee by appellant should be made.

The trial court erred in dismissing the action. The judgment is reversed, and the cause remanded for a new trial.

RUDKIN, C. J., MOUNT, and GOSE, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion. It is said by the majority that it is unnecessary to determine whether the act of March 12, 1907, applies to actions begun before that act went into effect, but to my mind this is the question, and the only question, the record presents. To an understanding of the point involved it is necessary to make a short statement of the facts.

The legislature of 1907 enacted a law relating to fees to be paid by corporations doing business in this state. By the sixth section of the act it was provided that every corporation incorporated under the laws of the state, and every foreign corporation having its articles of incorporation on file herein, should pay an annual license fee in a fixed sum to the secretary of state, on or before the first day of July in each year. By the seventh section it was provided that no corporation should be permitted to commence or

maintain any suit, action or proceeding in any court of this state without alleging and proving that it had paid its annual license fee last due. The appellant is a corporation incorporated under the laws of Oregon, having its articles of incorporation on file in this state. Subsequent to the enactment of the statute above mentioned, but prior to the time it went into effect, it began this action in the superior court of Okanogan county, to recover of the defendant for merchandise alleged to have been sold and delivered to him. The defendant filed an answer after the act went into effect in which he put the allegations of the complaint in issue, but did not suggest the want of an allegation to the effect that the annual license fee of the corporation last due had not been paid. The case thereafter went to trial, and at the conclusion of the same the defendant moved that the action be dismissed for the reason that plaintiff had failed to allege or prove that it had paid its license fee last due. This motion the court granted, after hearing argument thereon and taking the same under advisement, "the plaintiff making no application to reopen the case for the purpose of giving it an opportunity to offer the requisite proof."

The prohibition in the statute, it will be observed, is as much against the maintenance of an action without proving the payment of the license fee last due, as it is against the commencement of an action without alleging the fact. When the defendant moved to dismiss for want of such proof, therefore, it necessarily raised the question whether or not the statute applied to this action, and in my judgment, the lower court was justified in determining it. Whether the question was correctly decided I need not discuss, since the majority hold it is not before us, but I may add that I am unable to discover any reason why it was not correctly decided. The statute is a revenue measure. The section requiring proof to be made in the courts as a prerequisite to the maintenance of an action was intended as a means of enforcing the collection of that revenue. The fee is one the legislature had the power

to impose, and the courts ought to be diligent rather, in enforcing its payment, than in finding means for its evasion.

I am aware that the majority say that the question whether the fee had or had not been paid was not before the trial court for the reason that the defendant's motion was not timely; that he ought to have raised the question when he answered. But this to my mind is not a sufficient reason. The collection of the public revenue ought not to be made to depend on the whim of a defendant. The public interest is involved, and the court ought to be permitted to raise the objection on its own motion if the defendant neglects it, and when the question is suggested at any time before judgment, no matter in what form, it should be held timely and sufficient.

The sections of the statute cited in the main opinion relating to the manner of raising objections to the plaintiff's capacity to sue do not, in my opinion, have anything to do with the question here suggested. They were enacted long prior to the enactment of this statute and are superseded by it in so far as there is any conflict between them. Nor do they control the practice under the later statute further than they are applicable to the changed conditions. The later statute, as has been shown, prohibits the maintenance of an action without making certain proofs, and to the practice under such a statute the sections are wholly inapplicable, since they relate to objections to be taken by answer or demurrer, not to objections going to the sufficiency of the evidence. The judgment should be affirmed.

CHADWICK and DUNBAR, JJ., concur with FULLERTON, J.