[No. 8622.    Department One.    June 16, 1910.]

WILLIAM BOWMAN *et al.*, *Respondents*, v. LULU HARRISON,. *Appellant.*[1]

PARTNERSHIP—FIRM NAME—ACTIONS—STATUTE—EFFECT.    Rem. &- Bal. Code, § 8369, is directed against concealed partnerships, and it is not necessary to plead and show a compliance therewith in order to maintain an action, where the firm name discloses the surnames, of the partners.

SAME—CAPACITY TO SUE—WAIVER—DEMURRER.    Failure to plead. or show a compliance with Rem. & Bal. Code, § 8369, directed against. concealed partnerships, goes only to the capacity to sue, and is, waived unless raised by demurrer.

LANDLORD AND TENANT—UNLAWFUL DETAINER—NOTICE TO QUIT— PARTNERSHIP.    The notice to pay rent or quit in unlawful detainer· of leased premises is sufficient if signed in the firm name of the· landlords, where they were doing business as partners under their· own surnames.

LANDLORD AND TENANT—UNLAWFUL DETAINER—NOTICE TO QUIT.. Rem. & Bal. Code, § 812, subd. 2, providing that a tenancy for an. indefinite term may be terminated on twenty days' notice, has no application to the alternative notice to pay rent or quit where pos-- session is continued after default, on three days' notice, as provided' in Id., subd. 3.

Appeal from a judgment of the superior court for King- county, Shackleford, J., entered September 23, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action of forcible entry and detainer.    Affirmed.

*Z. B. Rawson*, for appellant.

*Andrew R. Black* (*Ralph Simon*, of counsel), for respondents.

CHADWICK, J.—Defendant's predecessor went into possession of certain premises owned or controlled by plaintiffs,. under an oral contract for a written lease for a definite term. This lease was never executed, and defendant has continued in

[1] Reported in 109 Pac. 192.

possession, paying rent from month to month. Default being made in the payment of rent for the month of April, 1909, plaintiff caused the statutory notice to pay the rent or vacate the premises within three days to be served upon defendant. Following a refusal to comply with the terms of the notice, this action was begun under the unlawful detainer statute. From a judgment in favor of plaintiffs, defendant has appealed.

It is first assigned as error that, plaintiffs being a copartnership, they could not maintain this action without pleading and showing compliance with chapter 145, page 288, Laws of 1907 (Rem. & Bal. Code, § 8369 *et seq.*), which is directed against concealed partnerships. Reference to that statute will show that it has no reference to a partnership where the names of the parties are disclosed in the accepted firm name, as they are in this case. If it were otherwise, the case would fall within the rule of *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031, wherein a similar statute was held to go only to the capacity of the party to sue, and the objection would be deemed to be waived unless raised by demurrer or answer. For the same reasons, compliance with the law is not essential to the validity of the notice to pay rent. The notice was signed "Bowman & Collins." It is said that this violates the law, in that notice is the first step under the unlawful detainer statute, and must, therefore, comply with its terms, as it and all other actions are limited and qualified by the statute first referred to. In this connection our attention is called to the case of *Sutton & Co. v. Coast Trading Co.*, 49 Wash. 694, 96 Pac. 428, as supporting appellant's contention. Reference to that case will disclose the fact that the partnership there under consideration fell within the terms of the statute as one of the "certain partnerships," referred to in the opinion.

Lastly, it is contended that, inasmuch as the appellant was holding under an indefinite term, she could only be ousted upon twenty days' notice. Subdivision 2 of section 812, Rem.

& Bal. Code, provides that the landlord, in the event that he desires to terminate a tenancy held under an indefinite term, must give twenty days' notice. No mention is made of, nor was it the intent of this subdivision of the statute, to cover a default in rent. That contingency is covered by subdivision 3 of the same section. It is there provided that, where possession is continued after a default in rent, the landlord may give the alternative of paying rent or quitting possession within three days. Respondents' pleadings bring them within this subdivision of the statute.

Other questions are raised in the brief but, as we have no statement of facts before us, we cannot discuss them.

Finding no merit in the assignments of error, the judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.