[No. 8727.    Department One.    January 7, 1911.]

THOMPSON-SPENCER COMPANY, *Respondent* v. O. A. THOMPSON *et al., Appellants.*[1]

CORPORATIONS— ACTIONS—PARTIES— CAPACITY TO SUE — LICENSE FEE—WAIVER OF OBJECTION. The objection that a corporation could not maintain an action because it was not alleged or proved that it had paid its annual license fee under Rem. & Bal. Code, § 3715, is waived if not taken by answer or demurrer; or at least by specific objection to testimony on that ground, where the action was completely at issue before the passage of the act.

VENDOR AND PURCHASER—BONA FIDE PURCHASER. One taking a deed of land with notice that the grantor had no equitable interest therein, paying no present consideration, is not an innocent purchaser for value.

Appeal from a judgment of the superior court for Stevens county, Sullivan, J., entered November 3, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for an accounting. Affirmed.

*O. C. Moore* and *Martin & Wilson*, for appellants.

*Hamblen & Gilbert* and *Danson & Williams*, for respondent.

[1]Reported in 112 Pac. 655.

MOUNT, J.—This is the second appeal in this case. When it was here before the judgment was reversed, and the cause remanded for further proceedings. 49 Wash. 170, 94 Pac. 935. The facts are fully stated in the report of the former appeal, and need not be restated here. We there held that the facts proven were sufficient to afford relief to plaintiff in the action. Thereafter the cause was remanded, a new trial was had, and the trial court found in substance, that the land in question was the property of the plaintiff; that the appellant Martin took a quitclaim deed thereto from Thompson, with notice and knowledge that Thompson had no interest in the land and without any consideration except an antecedent debt past due. A decree was thereupon entered, removing the cloud by reason of the quitclaim deed from Thompson to Martin. The defendants have appealed from that decree, and argue that the trial court should have dismissed the action because the plaintiff is a domestic corporation, and the complaint did not allege, and the proof did not show, that the corporation had paid its annual license fee under Rem. & Bal. Code, § 3715.

The record shows that the action was begun in the year 1906, and was completely at issue prior to the passage of that statute. In *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031, we held that this objection must be taken either by demurrer or answer, and a failure to do so waived the question. The appellants in this case, at the close of plaintiff's evidence, moved the court to dismiss the action because "the evidence introduced does not show a right of recovery." But the ground now urged was not specifically mentioned. We think the appellants should have stated this ground so that the fact could have been supplied if the respondent could do so. The question, not having been raised, was waived.

The other questions argued are questions of fact. The evidence is amply sufficient to show that Mr. Thompson had sold the land to plaintiff, and received pay therefor, and had

no equitable interest in the land when he deeded it to Martin, and that the latter was advised and knew of all the facts. The evidence is sufficient to show, also, that no present consideration passed between Thompson and Martin, and Martin therefore was not an innocent purchaser for value.

The judgment was right, and must therefore be affirmed.

GOSE, PARKER, FULLERTON, and CHADWICK, JJ., concur.