[No. 9821.  Department Two.  January 4, 1912.]

W. D. HALE *et al.*, *Respondents*, v. CITY CAB, CARRIAGE & TRANSFER COMPANY, *Appellant*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS. Upon appeal from an order granting a new trial, affidavits not brought up by statement of facts cannot be considered, and it is not sufficient to have them attached as exhibits without identification by the judge's certificate.

PARTNERSHIP—FIRM NAME—FILING DESIGNATION. Under Rem. & Bal. Code, § 8372, exempting partnerships in which the firm name contains all the names of the partners from the necessity of filing with the county clerk the designation of the firm with the true names of all the partners, plaintiffs, doing business under the name of "Hale-Tindall Co.," which contains the names of all the partners, are exempt from the requirements of the statute.

PARTNERSHIP—FILING DESIGNATION—ACTIONS—CAPACITY TO SUE—WAIVER. The objection that a partnership, doing business under an assumed name, cannot maintain an action because it had failed to file with the county clerk the designation of the firm with the names

[1]Reported in 119 Pac. 837.

of all the partners, as required by Rem. & Bal. Code, § 8369, goes only to the capacity to sue, and is waived if not raised by demurrer or answer.

APPEAL—RECORD—ORDER. The supreme court will not consider an appeal from an order where the record on appeal does not disclose the order or any action of the court in that regard.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered January 21, 1911, granting a new trial, after a verdict in favor of the defendant, in an action for damages to an automobile through a collision with a runaway team. Affirmed.

*John M. Gleeson* and *Joseph F. Morton,* for appellant.

ELLIS, J.—Appeal from an order granting a new trial. The jury returned a verdict in favor of defendant, appellant here, and on motion of plaintiffs, respondents here, a new trial was granted. The motion assigned all of the statutory grounds excepting the sixth (Rem. & Bal. Code, § 399), and stated that it was based upon "the records and files herein and upon the affidavits hereinafter to be filed herein." No affidavits were attached to or made a part of the motion as appears from the transcript. The order for new trial was entered January 21, 1911. It is couched in general terms.

The appellant contends that the order was granted solely on the grounds of surprise and newly discovered evidence. There is nothing in the order to substantiate this claim. It states no grounds. Appellant quotes at length from an affidavit purporting to show surprise and new evidence which it is claimed was made in support of the motion. No such affidavit, however, appears anywhere in the record. Reference is also made to other affidavits which it is claimed were used on the hearing of the motion for new trial. They are not embodied in the statement of facts and there is no certificate of the trial judge that they were so used. None of these affidavits nor any affidavits are embodied in, attached to, or in any manner made a part of the statement of facts,

nor covered by the judge's certificate thereto. For this reason, under repeated decisions of this court, we cannot consider them. *Taylor v. Modern Woodmen of America*, 42 Wash. 304, 84 Pac. 867; *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839; *State v. Yandell*, 34 Wash. 409, 75 Pac. 988; *Griggs v. MacLean*, 33 Wash. 244, 74 Pac. 360; *Chevalier & Co. v. Wilson*, 30 Wash. 227, 70 Pac. 487; *Shuey v. Holmes*, 27 Wash. 489, 67 Pac. 1096.

The notice of filing of the proposed statement of facts seems to indicate that counsel for appellant held the mistaken view that it was only necessary to have these affidavits included in the files in the same manner as exhibits. The notice states that the clerk will be requested to attach to the statement the exhibits; "and in addition thereto, defendant's motion for a new trial, together with affidavits now on file in said court and cause which were used on the hearing of said motion for a new trial together with the order overruling the same." This would not be sufficient. Affidavits used on a motion for new trial must be made a part of the statement and identified by the judge's certificate as those so used on the hearing before we can consider them.

Counsel also raises, somewhat vaguely, a contention that the court should have refused to grant a new trial because the complaint and evidence show that the plaintiffs were partners doing business under an assumed name, designation or style, and have failed to file in the office of the county clerk a certificate setting forth the designation or style of the firm and the true names of all of the partners, as required by chapter 145, page 288, Laws of 1907 (Rem. & Bal. Code, § 8369 *et seq*). This objection was not taken by demurrer or answer. The point was barely suggested by an objection to evidence as to who was the managing partner, which on reference to the statute the court overruled on the ground that the partnership designation, Hale-Tindall Company, contains the names of all the partners, thus falling within the proviso of section 4 of the act (Rem. & Bal. Code, § 8372).

The ruling was correct. *Bowman v. Harrison,* 59 Wash. 56, 109 Pac. 192.

Moreover, we have consistently held, in construing this statute and the cognate statute as to corporations, that they go only to the capacity of the party to sue and that the objection must be deemed waived unless raised by demurrer or answer. *Bowman v. Harrison, supra; Pierson v. Northern Pac. R. Co.,* 61 Wash. 450, 112 Pac. 509; *Rothchild Bros. v. Mahoney,* 51 Wash. 633, 99 Pac. 1031; *Hale v. Crown Columbia Pulp & Paper Co.,* 56 Wash. 236, 105 Pac. 480; *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655.

The notice of appeal specifies that the appeal is from the order granting a new trial entered January 21, 1911, and also from an order entered January 30, 1911, refusing to dismiss the action for plaintiffs' failure to allege and prove the filing of a partnership statement. This latter order does not appear in the transcript nor does there appear any motion or other proceeding invoking the court's action in that regard. We cannot entertain an appeal from an order not brought before us. In any event, it is manifest that, if such an order was made, it was correct, since it is apparent that the point was raised after it had been waived by failure to raise it by demurrer or answer and after the order granting a new trial had been made.

No ground for disturbing the order granting a new trial which we can consider being suggested, the order is affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and CROW, JJ., concur.