[No. 10268. Department Two. June 25, 1912.]

J. J. McKay, *Respondent*, v. Northern Bank & Trust Company, *Appellant*.[1]

Frauds, Statute of—Debt of Another—Original Undertaking—Consideration. There is an original undertaking on sufficient consideration, and not a promise to answer for the debt of another, within the statute of frauds, where the principal creditor of a contractor was interested in seeing him complete a grading contract, the proceeds of which had been assigned to it, and upon a threatened foreclosure of a chattel mortgage upon the contractor's outfit, promised the mortgagee to pay any balance due, if the mortgagee would forego foreclosure until the contract was completed.

Appeal from a judgment of the superior court for King county, Myers, J., entered December 12, 1911, upon findings in favor of the plaintiff, in an action on contract, after a trial to the court. Affirmed.

*F. J. Carver* and *John Slattery*, for appellant.

*Skeel & Whitney*, for respondent.

Morris, J.—Respondent was the owner of a grading outfit, consisting of horses, harness, dump wagons, and other property, which he sold to Wightman & Bradbury, a partnership engaged in that business. Upon this sale there was due respondent $425, evidenced by promissory notes, secured by a chattel mortgage on the property. Wightman & Bradbury were also indebted to the appellant upon the pur-

[1] Reported in 124 Pac. 372.

chase from it of horses and other property used in the grading business. To secure the appellant upon this indebtedness, an assignment was made to it of a contract for grading West McGraw street, Seattle, which Wightman & Bradbury had obtained under assignment from N. McKinnon, the original contractor. When the first note became due, McKay demanded its payment, which Wightman & Bradbury were unable to make, contending that all the money coming to them under their contract was claimed and taken by the bank under its assignment. McKay then informed Wightman & Bradbury that he would declare a default under his chattel mortgage, and retake the property. In order to avoid this, an arrangement was made whereby the bank satisfied McKay it would protect him against any loss if he would permit the property to remain with Wightman & Bradbury until they had finished their contract. Just what this arrangement was is the issue in the case; respondent alleging, and being sustained by the trial court in its findings, that the bank agreed with McKay that it would pay him the balance due him upon his notes and mortgage, out of the money it received under its assignment of the Wightman & Bradbury contract, and that McKay was to surrender the notes and mortgage to the bank, permit the property to remain in the possession of Wightman & Bradbury, and look only to the bank as his debtor. Relying upon this promise of the bank, the court finds that McKay fully complied with all the demands of the bank, surrendered his notes and mortgage to it, and subsequently, at the request of the bank, gave it a bill of sale of the property. The bank having failed to pay McKay, he brought this action to recover the balance due him, and being successful below, the bank appeals from the judgment, claiming the evidence is insufficient to justify the findings, both in fact and law; that, assuming the promise to pay was as alleged by McKay, it was a promise to answer for the debt of another and void.

There is no need to discuss the statute of frauds as applied

to promises to pay the debt of another. It is well settled, as said in *Wells & Morris v. Brown*, 67 Wash. 351, 121 Pac. 828, that, when the promisor, for a valuable consideration, assumes to pay a debt contracted by another, he may by his language assume an original and not a collateral undertaking, and thus make the debt his own. There could be no question but that the officials of the bank, if the court accepts respondent's evidence, fully complied with all demands of the law in assuming an original undertaking and making the bank alone answerable to McKay as its own debt. The evidence upon this point is not harmonious, but there is sufficient to sustain the findings of the court, and under the rule in such cases, the findings will not be disturbed. There could be no question of the sufficiency of the consideration to the bank for making such a binding promise. It was the main creditor of Wightman & Bradbury, and depended upon the successful termination of the grading contract to obtain its money under its assignment. It was, therefore, to its interest and great advantage to have Wightman & Bradbury retain the possession and control of the outfit purchased from McKay to assist in completing this work. In promoting this arrangement, the bank was promoting and furthering its own interest, and a promise to pay McKay's debt made on such a consideration would be a valid and binding obligation.

There is nothing more to be said. A review of the evidence would serve no useful purpose. The judgment being founded upon sufficient evidence, is sustained and affirmed.

ELLIS, MOUNT, and FULLERTON, JJ., concur.