[No. 10386. Department One. October 14, 1912.]

GEORGE W. MERRILL, *Respondent*, v. CARO INVESTMENT COMPANY, *Appellant*.[1]

PARTNERSHIP — ASSUMED OR FIRM NAME — FILING CERTIFICATE — STATUTES — SCOPE OF ACT. A person conducting a business in which he alone is interested, in the name of a company containing his full name, is exempt from filing with the county clerk the designation of the firm with the true and real names of all persons conducting the business or having an interest therein, pursuant to Rem. & Bal. Code, § 8369, by Id. § 8372, providing that nothing in the act shall prevent the lawful use of a partnership designation if the same includes the true and real name or names of all the parties conducting such business or having an interest therein.

[1]Reported in 127 Pac. 122.

CORPORATIONS—REPRESENTATION—ACTS OF OFFICERS—CONTRACTS—
QUESTION FOR JURY. A *prima facie* case of authority of the presi-
dent of a corporation to hire automobiles is established, where the
company owned a platted addition where it was selling lots, and
the principal use of the automobiles was to carry prospective pur-
chasers from the city to the addition to inspect lots.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered May 1, 1911, upon the verdict
of a jury rendered in favor of the plaintiff, in an action on
contract. Affirmed.

*Davis & Rhodes*, for appellant.

*W. J. Matthews*, for respondent.

CROW, J.—This action was commenced by George W. Mer-
rill against Caro Investment Company, a corporation, to re-
cover for automobile hire. From a verdict and judgment in
plaintiff's favor, the defendant has appealed.

Respondent, George W. Merrill, alleged that, at all times
in the complaint mentioned, he was engaged in the business
of keeping automobiles for hire, in the city of Spokane, under
the firm name and style of George W. Merrill Automobile
Company, but he did not allege or prove that he had filed a
certificate in the office of the clerk of Spokane county, setting
forth the designated name or style under which his business
was conducted, with the true name or names of the parties
conducting the same or having an interest therein. By de-
murrer and answer, appellant questioned respondent's
capacity to sue, and now contends that this action should have
been dismissed, for the reason that respondent failed to file the
certificate above mentioned; that the filing of such a certificate
is required by § 1, ch. 145, Laws 1907, p. 288 (Rem. & Bal.
Code, § 8369), and that, under § 5 of the act, p. 290 (Rem.
& Bal. Code, § 8373), respondent has no capacity to sue.
Sections 1 and 4 of the act (Rem. & Bal. Code, §§ 8369,
8372), in so far as material to the present inquiry, read as
follows:

"Sec. 1.   No person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the true and real name or names of the person or persons conducting such business or having an interest therein, unless such person, or all of such persons, conducting said business, or having an interest therein, shall file a certificate in the office of the county clerk of the county or counties in which said business is to be conducted, which certificate shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties conducting, or intending to conduct, the same, or having an interest therein, together with the postoffice address or addresses of said person or persons   .   .   ." Rem. & Bal. Code, § 8369.

"Sec. 4.   .   .   .   nor shall this act be deemed or construed to prevent the lawful use of a partnership designation, name or style:   *Provided*, that such partnership designation, name or style shall include the true and real name or names of all of the parties conducting such business or having an interest therein   .   .   ." Rem. & Bal. Code, § 8372.

In *Sutton & Co. v. Coast Trading Co.*, 49 Wash. 694, 96 Pac. 428, this court held that inasmuch as this statute affects the common law right to contract, implications against the common law privilege to contract should not be favored. In *Malfa v. Crisp*, 52 Wash. 509, 100 Pac. 1012, the statute was liberally construed, and we held that the filing of the certificate, after the commencement of action but prior to the trial, was sufficient.   In *Bowman v. Harrison*, 59 Wash. 56, 109 Pac. 192, where the record shows that the action was commenced by William Bowman and Oscar Collins, copartners under the firm name of Bowman & Collins, the plaintiff's right to sue was sustained; and in *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 119 Pac. 837, it was held that "Hale-Tindall Co.," the plaintiffs' partnership designation, which contained the surnames of all the partners, was sufficient as falling within the proviso of § 4 of the act (Rem. & Bal. Code, § 8372).   Respondent's full, true, and real name appears in the designation "George W. Merrill Automobile

Company," under which he alone conducted the business of keeping automobiles for hire. This being true, we find no merit in appellant's contention that he cannot maintain the action.

Appellant's next assignment involves the contention that the evidence is not sufficient to sustain the verdict and judgment. No good purpose would be served by repeating the evidence. Counsel earnestly contend that the automobiles were hired by one Kenyon for his personal use, although he was at the time conceded to be the president of the appellant corporation. The evidence was conflicting, and we conclude it was sufficient to sustain the verdict. The principal issue of fact was whether Kenyon, as president, was authorized to hire, and did hire, the automobiles for appellant. Appellant insists that his authority has not been proven. It was shown that he was president of the corporation; that the corporation owned a platted addition near Spokane, where it was selling lots; that the principal use which was made of the hired automobiles was to carry prospective purchasers from the city, or from the end of a street car line, to the addition, so that they might inspect the lots and meet Kenyon, who was making sales. These facts were sufficient to make at least a *prima facie* showing of authority, and it was for the jury to determine whether such showing was overcome by evidence introduced by appellant. The weight of the evidence, rather than its sufficiency, is involved in the contentions made, but its weight was for the exclusive consideration of the jury.

Exceptions are taken to rulings on the admissibility of evidence and to instructions given and refused. We find no error in this regard. Rulings on evidence were correctly made, and the instructions given not only stated the issues and the law concisely, clearly, and properly, but also covered in appropriate form all requested instructions to which the appellant was entitled. The judgment is affirmed.

PARKER, GOSE, MORRIS, and CHADWICK, JJ., concur.