[No. 14289.  Department One.  January 17, 1918.]

WASHINGTON PRINTING COMPANY, *Respondent*, v.
CHARLES OSNER, *Appellant*.[1]

CORPORATIONS—ACTIONS—CAPACITY TO SUE—PAYING LICENSE FEE
—WAIVER OF OBJECTION.  The failure of a plaintiff corporation to
pay its license fee, as condition precedent to its right to sue, as pro-
vided in Rem. Code, § 3715, relates only to its capacity to sue, and
is waived by failing to object either by demurrer or answer.

PLEADING—ANSWER—CODEFENDANTS.  One defendant's separate de-
nial of an allegation as to plaintiff's capacity to sue does not inure
to the benefit of a codefendant.

FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER.  The
agreement of a promoter of the consolidation of two newspapers to
pay a printing bill, in case the printers would forbear and continue
to print the paper, is not void as an oral contract to pay the debt
of another within the statute of frauds, where it appears that the
promisor was interested in the continuation of the publication until
the consolidation, which would redound to his benefit, and that the
promise included the old debt as well as the continued printing.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered January 23, 1917, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
on contract.  Affirmed.

*Adolph Loewe* and *Preston & Thorgrimson,* for appellant.
*S. A. Keenan* and *H. F. Moore,* for respondent.

PARKER, J.—The plaintiff, Washington Printing Com-
pany, a corporation, of Seattle, seeks recovery from the de-
fendant, Charles Osner, upon his promise to pay for printing
done by it for Karl Weiss and the Seattle German Press, In-
corporated, of Seattle.  Trial in the superior court for King
county resulted in verdict and judgment awarding recovery
as prayed for by the plaintiff, from which the defendant has
appealed to this court.

[1]Reported in 169 Pac. 988.

In October, 1914, respondent printing company entered into a written contract with Karl Weiss by which it agreed to do the printing for the publishing of a German newspaper to be published in Seattle by Weiss. Respondent was to do the printing for a period of three years and receive certain specified amounts in payment thereof, payable from time to time as the printing would be done. The contract contemplated the organization of a corporation by Weiss which would become the owner and publisher of the newspaper, and that respondent was to accept two thousand dollars of the capital stock of the corporation at par value and credit the same in part payment of its printing bill. Each party was to forfeit to the other the sum of $500 as liquidated damages upon his failure to perform the contract. A corporation was accordingly formed under the name of "Seattle German Press, Incorporated," and it commenced the publication of a newspaper named "The Seattle German Press," Weiss being its manager and editor. Respondent did the printing for this paper as agreed, and on or about April 1, 1915, there had become due for such printing over $2,000, no part of which had been paid, either in stock or money. About that time, appellant, Osner, and some friends interested themselves looking to the elimination of competition between this and another German newspaper published in Seattle, and contemplated the bringing about of a consolidation of the two papers and the organization of a new corporation to own them. Adamson and Lambert, managers of respondent, insisting upon a settlement of its printing bill by Weiss, were advised by him to take the matter up with appellant, Osner, who, it was known, had in view the consolidation of the papers and the organization of a new corporation to that end. Appellant was accordingly advised by Adamson and Lambert that there was considerably over $2,000 due their company for printing done for the Seattle German Press at that time, and that they were sent to him by Weiss to advise with him concerning the matter, in view of the fact that he was pro-

moting and interested in the bringing about of a consolidation of the two papers. He told them that the papers were being consolidated and "not to worry about the account." He was told that "they were worrying about the account and had to get money or we would stop the publication of the paper," to which respondent replied, "Don't stop the publication," "I will pay the bill." This quoted language is from the testimony of one of them which is corroborated by the other.

We think it appears from the evidence that the stopping of the publication of the paper would seriously interfere with the bringing about of the consolidation of the two papers as contemplated by appellant, in which he was financially interested, and which consolidation would redound to his profit. He was manifestly seeking the consolidation and the continuation of the Seattle German Press as one of the means to that end, in order that he would profit thereby as one to become financially interested in the new concern. Thereafter appellant made some payments to respondent upon the printing bill as promised by him, and the printing of the Seattle German Press was continued from day to day by respondent until the 18th day of April, 1915, when the consolidation of the papers took place. It is for the balance due for printing the Seattle German Press, both before and after this promise of appellant, that this action is brought against him upon his promise. No stock was ever transferred by Weiss or the Seattle German Press, Incorporated, to respondent as part payment of its printing bill as contemplated by the terms of the original agreement. But before the consolidation of the two papers, as we think the evidence conclusively shows, that part of the contract by which the respondent was to take two thousand shares of the stock of the Seattle German Press, Incorporated, as part payment for their printing, and that part of the contract providing for a penalty of $500 for failure on the part of either party to carry out the contract was, by mutual consent of the parties to the contract, abro-

gated. It will be noticed in this connection that but a few months of the three-year contract period had expired when this abrogation occurred. We think the evidence warrants the conclusion that respondent refrained, not only from stopping its printing of the paper, but also from taking legal proceedings looking to collection of its claim because of the promise of appellant.

It is first contended by counsel for appellant that respondent should not be permitted to maintain this action because it did not prove upon the trial that it had paid its annual license fee last due. Counsel invoke the provisions of Rem. Code, § 3715, in this behalf. The record before us fails to disclose any specific raising of this point in the trial court by appellant, either by answer or in any other manner. Respondent alleged in its complaint "that it has paid its last annual license fee as provided by law." "The German Newspaper Association," a corporation, was originally made a defendant to this action as well as respondent, but no judgment was rendered against it. It and appellant answered separately. We may assume, for argument's sake, that the German Newspaper Association, by its answer, denied the allegation that respondent's license fee had been paid, though the sufficiency of such denial is, we think, very doubtful. However, appellant did not, in his separate answer, deny that respondent's license fee had been paid, and the cause went to trial without any issue being tendered by him with reference thereto. In *Rothschild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031, we held:

"As failure to pay the license fee last due would, under the statute, only affect appellant's capacity to sue, the respondent, by failing to object either by demurrer or answer to such want of capacity, waived his right to do so."

This holding was adhered to in *Thompson, Spencer Co. v. Thompson*, 61 Wash. 547, 112 Pac. 655, and *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 119 Pac. 837. Some contention is made in this connection that the German

Newspaper Association's denial of the payment of respondent's license fee inured to the benefit of its codefendant, appellant. We think the law is, however, that a defense pleaded separately by one defendant, which does not go to the merits but only to the plaintiff's capacity to sue, does not inure to the benefit of a codefendant who answers separately and does not plead such defense. 31 Cyc. 139. We are of the opinion that appellant waived this defense by his failure to timely invoke it.

It is further contended by counsel for appellant that the trial court erred in denying its motion, made at the close of the trial, for an instructed verdict in its favor, and also in thereafter denying its motion for judgment notwithstanding the verdict. It is argued in this behalf that the evidence calls for the conclusion, as a matter of law, that appellant's promise was nothing more than the promise to pay the debt of another, and that it was without consideration, and, therefore, not being in writing, it is not enforcible because of the statute of frauds. Counsel invoke the law as announced by this court in *McKenzie v. Puget Sound Nat. Bank*, 9 Wash. 442, 37 Pac. 668, 43 Am. St. 844, holding that, "the agreement of a creditor to forbear the enforcement of his debt is not a sufficient consideration to support an oral promise of a third person to pay that debt."

In this case, we think the jury could have well believed from the evidence, not only that the promise was made by appellant to pay the debt as his own, that respondent was thereby induced to refrain from taking legal proceedings looking to the recovery of its debt as against Weiss or the "Seattle German Press, Incorporated," and also induced to continue the printing of the paper, but the jury could also have well believed from the evidence that appellant made the promise to pay the debt due and to become due for printing for the purpose of furthering his own financial interests. That appellant was interested in the maintenance and continuation of the publication of the German Press until the

consolidation of the two papers could be effected, we think is quite apparent from the evidence, as we think it is also apparent that, viewed from appellant's standpoint, this would redound to his benefit, in that it would aid him in bringing about the consolidation of the papers and continuing their publication, attended by the existing business and good will of the Seattle German Press as well as the other paper. It is to be remembered that the promise was not only to pay the indebtedness already owing, but to pay for the continued printing of the Seattle German Press until such time as a consolidation of the papers should occur. The evidence tending to show these facts, we think, was ample to warrant the jury in concluding that appellant's promise was supported by a consideration redounding to his financial benefit, viewed from his standpoint. In *Burns v. Bradford-Kennedy Lumber Co.*, 61 Wash. 276, 112 Pac. 359, Judge Dunbar, speaking for the court, announced as a well established rule of law:

"that where the leading object of the promissor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute."

It seems to us that this principle is determinative of this branch of the case in favor of respondent. *Wells & Morris v. Brown*, 67 Wash. 351, 121 Pac. 828, Ann Cas. 1913D 317; *McKay v. Northern Bank & Trust Co.*, 69 Wash. 186, 124 Pac. 372; *Davis v. Carey*, 72 Wash. 537, 130 Pac. 1137; *Lovell v. Haye*, 85 Wash. 109, 147 Pac. 632.

We are of the opinion that the evidence was such as to warrant the jury in concluding that appellant made a promise to respondent in effect making the debt his own, and that there was sufficient consideration to support such promise so as to avoid the effect of the statute of frauds relating to promises to pay the debt of another.

Some other contentions are made in appellant's behalf, but we think they are without merit and do not call for further consideration. We think they are, in effect, disposed of by

what we have already said, in so far as they require discussion.

The judgment is affirmed.

ELLIS, C. J., MAIN, FULLERTON, and WEBSTER, JJ., concur.