[No. 15872. Department One. June 2, 1920.]

THE STATE OF WASHINGTON, *on the Relation of John J. Stephens et al., Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Guy C. Alston, Judge, Respondent.*[1]

CERTIORARI (30)—SCOPE AND EXTENT OF REVIEW — OBJECTIONS. Upon certiorari to review an adjudication of public necessity, error in omitting to prove the filing of a partnership certificate cannot be urged on appeal where the objection was not raised below.

EMINENT DOMAIN (104)—PROCEEDINGS — CONDITIONS PRECEDENT. Rem. Code, § 5857-3, providing that, as a condition precedent for condemnation for a private way of necessity, a logging road shall contract and agree to carry timber products at reasonable prices, is satisfied by the filing of the contract at the time of the adjudication of public necessity.

SAME (39, 40)—NECESSITY—SELECTION OF ROUTE—FEASIBILITY OF OTHER ROUTE. Condemnation for a private way of necessity for a logging road is not shown to be unnecessary by the fact that the logs could be taken out and hauled over a paved public highway by trucks, where the pavement would be ruined by such use.

SAME (39, 40). In the absence of bad faith or abuse of power in the selection of a route for a private way of necessity for a logging road, the condemnation cannot be defeated by evidence that another route is feasible.

SAME (39, 40). Whether there is a reasonable necessity for a private way for a logging road must be determined from the entire situation; and findings of necessity are not supported where it appears that there was a floatable stream which the relator could use, notwithstanding it was not as convenient as desired due to the fact that floating logs without booms might result in jams and injury to the property.

Certiorari to review an order of the superior court for Snohomish county, Alston, J., entered April 16, 1920, adjudging a public use and necessity in condemnation proceedings, after a trial to the court. Reversed.

[1] Reported in 190 Pac. 234.

*Louis A. Merrick,* for relators.

*M. J. McGuinness, W. P. Bell,* and *Kerr & McCord,* for respondent.

MACKINTOSH, J.—This is certiorari to review the proceedings leading up to and resulting in the entry of an order of necessity in a condemnation action brought by George Miller and Joseph Swalwell, doing business as the Miller Logging Company, seeking a right of way for a logging railroad across the lands of the petitioners in this action.

The objections raised to the regularity of the proceedings and the entry of the order of necessity we will examine in the order in which they were urged.

First: Irregularities in the manner of the service of the condemnation notice and petition. An examination of the return of the person making the service, and of the record made by the petitioners on their special appearance when they were objecting to the service, satisfies us that there is no merit in this point and that due and proper service of notice and petition was had upon the property owners.

Second: It is urged that the proceedings are defective and that the court was without jurisdiction for the reason that the logging company failed to prove the filing of its certificate of partnership character. It may be that it is unnecessary in the preliminary proceedings which are here under review to make this proof; but, assuming, however, without deciding, that it was error to omit proving the filing of the partnership certificate, the rule is that errors of this sort which are not called to the attention of the trial court will not be considered here, for the reason that it is to be presumed that an oversight of this kind can be easily remedied when it occurs by calling the court's attention to it at the trial. This is the rule which has been

applied many times in cases of appeal. *Rothchild Brothers v. Mahoney,* 51 Wash. 633, 99 Pac. 1031; *Bowman v. Harrison,* 59 Wash. 56, 109 Pac. 192; *Pierson v. Northern Pac. R. Co.,* 61 Wash. 450, 112 Pac. 509; *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655; *Hale v. City Cab, Carriage & Transfer Co.,* 66 Wash. 459, 119 Pac. 837; *Washington Printing Co. v. Osner,* 99 Wash. 537, 169 Pac. 988. We see no good reason why the rule should not be applied here, though this is not strictly an appeal, the proceedings in a condemnation suit, anterior to the trial of the question of damages, being reviewable here not by appeal, but by certiorari.

Third: The petitioners claim that the condemnation petition failed to give the court jurisdiction by reason of its failure to allege an offer of contract to haul produce raised by the landowners upon the lands through which the right of way was being sought. Laws of 1913, ch. 133, § 3, p. 412, (Rem. Code, § 5857-1) provides that one seeking a right of way for a logging railroad, as a condition precedent, must "contract and agree to carry and convey over such roads to the termini thereof any of the timber or other produce of the lands through which such right of way is acquired." There was no contract or agreement alleged in the petition, nor was any offer thereof made, although the transcript now contains a contract and agreement signed by the logging company which was filed on the day that the order of necessity was filed. It is not necessary, under § 3, that the contract and agreement there called for should be tendered or proven in the preliminaries of a condemnation proceeding. It may be properly withheld until the trial takes place on the question of damages, or may be presented at any time prior to the close of the trial of the case. It is only necessary that such agreement or contract appear in the final record in the

case, and must be entered into by the condemning parties before they can acquire the right of way. There was, therefore, no error in the failure to allege an offer to enter into such contract; and, if there was error, it was cured by the voluntary act of the logging company in offering such contract as noted.

Fourth: The most serious objection made to the record is that the evidence fails to sustain the court's finding of necessity. This condemnation takes place under chapter 133, Laws of 1913, page 412, which provides for the taking of private property for private ways of necessity, § 1 of the act providing:

"An owner . . . of land which is so situated with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity . . . may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity. . . . The term 'private way of necessity,' as used in this act, shall mean and include a right of way on, across, over or through the land of another for . . . the construction and maintenance thereon of . . . logging roads." (Rem. Code, § 5857-1).

The landowners claim that the testimony shows that a feasible route exists for the logging company to take its timber out other than over their lands, and that such a route is adequate and in every way preferable to the route sought by the condemnation; that two other routes could be used over lands either owned or leased by the logging company connecting with public highways, and that, therefore, no necessity existed for a private way over their lands for the benefit of the logging company.

It was claimed in the testimony that the logging company might, by the use of trucks, take out their logs across their own land to the public paved highway.

Testimony was introduced by the landowners showing that such an operation was possible; whereas, the logging company's testimony, as found by the trial court, shows that the use of the paved highway "is not a way this timber can be taken out or should be taken out; it is not a way the logging company should be required to take it out. . . . The paved highway was built for a public use and not to be used as a private way for logging companies. The road would not last to take out seventy million feet of lumber, it would be nothing but a lot of junk; broken up concrete, so that is not a way these logs should be taken out. In fact, it is a way they should not be permitted to be taken out." With this conclusion we must agree.

It was further alleged that a more feasible route exists for the logging company by taking the logs by a road to be condemned over private property belonging to others than the parties to this proceeding, but, even were this a proper matter for consideration, the testimony is not at all convincing that such route is more feasible. The selection of the route by the logging company makes a *prima facie* case of the necessity for taking such specific land, and in the absence of evidence of bad faith, oppression, or abuse of power, evidence that another route is feasible is not enough to show that the selection of the route sought by the condemners shows such bad faith, oppression, or abuse of power. As we said in *State ex rel. Grays Harbor Logging Co. v. Superior Court*, 82 Wash. 503, 144 Pac. 722:

"In order to justify the court in ordering the change of location of the proposed road, it was necessary to show, not only another route which was practicable and that the road could be constructed thereon at reasonable cost, but it was necessary to go further and show by clear and convincing evidence that in the se-

lection of the route sought to be condemned there was bad faith, oppression, or an abuse of power. The evidence offered does not go to the extent of showing that the route selected by the condemner causes unnecessary damage to the relators' property, and that the route over Sec. 31 would cause much less damage to that property than would the route selected cause to the relators' property.''

There was, therefore, no merit in the suggestion that the logging company should be forced to condemn the other route suggested by the respondents here.

The main contention against the necessity of the condemnation was based upon the proximity of a floatable river, upon which logs could be taken from a point above the landowners' property. Testimony pro and con on this question was introduced, and if it is satisfactorily established thereby that this route was adapted to the business of the logging company, it would not be entitled to maintain these condemnation proceedings, for the only reason for condemning private property is because there is a reasonable necessity for another method of getting out the logs than that which is already open to the logging company. If there is a reasonable necessity for the use of the land sought to be condemned, that necessity is not overcome, however, by the existence of another possible route. The necessity which is required by the statute is a reasonable necessity, and to determine whether it is reasonably necessary the court is compelled to view the entire situation. *State ex rel. Milwaukee Terminal R. Co. v. Superior Court*, 54 Wash. 365, 103 Pac. 469, 104 Pac. 175; *State ex rel. Clark v. Superior Court*, 62 Wash. 612, 114 Pac. 444; *State ex rel. Postal Tel.-Cable Co. v. Superior Court*, 64 Wash. 189, 116 Pac. 855; *State ex rel. Grays Harbor Logging Co. v. Superior Court, supra; State ex rel. Preston Mill Co. v. Superior Court*, 91 Wash. 249, 157 Pac. 689; *State ex*

*rel. Patterson v. Superior Court,* 102 Wash. 331, 173 Pac. 186.

The trial court found that it was not feasible to float loose logs down the river, but found that, if they could be rafted above the land of the petitioners here and taken out that way, it was a feasible way, but "if they have to be taken down loose to some point where they can be rafted and towed away, I do not think it is feasible," and found that "there is no evidence here that it is feasible to boom these logs above the respondent's land and tow them out in booms during the entire year; and that is the only feasible way, in my opinion, to get these logs out; is in booms and not letting them float down the river, forming jams and damaging people's property," concluding therefrom that there was a necessity for building the logging road as petitioned for by the logging company.

As we read the evidence, we cannot concur with this finding. The evidence tended only to show that the water route, if logs were floated, was not as convenient as might be desired, and that it could be made more satisfactory were it possible to boom the logs. The inconvenience arose from the fact that floating the logs might result in jams and injury to property abutting on the river, but these are considerations which are not material to the question before us, for those are incidents to logging operations on floatable streams, and as long as they are not the result of negligent or unauthorized acts of the logging company they are not the basis of actionable liability. The river, being a floatable one, the logging company had the right to use it for the floating of logs, and though this may not afford the ideal means of egress, it destroys the claim that there is a reasonable necessity to interfere with the relators' property. The right of the private landowner to full and free possession and use of his prop-

erty is not to be curtailed unless there is a reasonable necessity therefor, and the fact that convenience of the party seeking the condemnation will be served cannot take from another his property to serve that convenience. As between alternative routes over private property, the question of which is more feasible may be material; but when the discussion is between a route over private property and a route already possessed by the condemner, the question is one of reasonable necessity.

The landowners rely upon the case of *State ex rel. Carlson v. Superior Court,* 107 Wash. 228, 181 Pac. 689, where it was held that no necessity existed where the road sought for a private way of necessity was more convenient and more practicable than a road already for seven years in use, the question in that case being, ''whether one, having a legal right to pass over the lands of his grantor, may reject the way the law gives him and which his grantor cannot deny him, and compel a way of necessity over the lands of a stranger, where, upon a mere admeasurement of convenience and expense, it is held that the way over the land of the stranger is the more practicable than the way over the land of the grantor.'' A review of the testimony in that case satisfied the court that no necessity existed, the court recognizing that ''in this state we have perhaps adopted the rule of reasonable necessity.''

The question of necessity is a question of fact and, under the rule which has been adhered to, the proof in this case was not sufficient to show a reasonable necessity; therefore the order entered by the trial court was incorrect. For the reasons stated, the action of the lower court is reversed.

Holcomb, C. J., Parker, Mitchell, and Main, JJ., concur.