[No. 17390.  Department Two.  November 18, 1922.]

THE STATE OF WASHINGTON, *on the Relation of W. W. Seymour et al., Plaintiff,* v. THE SUPERIOR COURT FOR WHATCOM COUNTY, *Ed. E. Hardin, Judge, Respondent.*[1]

EMINENT DOMAIN (110) — PARTIES — DEFENDANTS. In eminent domain proceedings, the petitioner need not go beyond the public records in determining who are necessary parties.

SAME (111)—PARTIES—BRINGING IN NEW PARTIES. When it appears in condemnation proceedings that a record owner is dead, and that a son of the same name was served, it is not error to refuse to dismiss the proceedings; the proper remedy being to ask a continuance to bring in the necessary parties, under Rem. Comp. Stat., §§ 922, 924.

SAME (140) — PROCEEDINGS — DECREE — ORDER OF NECESSITY. In eminent domain proceedings for a logging road, a request to include in the order of necessity a provision for the transportation of respondent's timber products need not be acted upon at the preliminary hearing, but may be left until final judgment.

Certiorari to review an order of the superior court for Whatcom county, Hardin, J., entered May 1, 1922,

[1]Reported in 210 Pac. 380.

adjudging a public necessity in condemnation proceedings.    Affirmed.

*T. L. Stiles* and *Stiles & Latcham,* for relator.

*E. C. Million* and *Sather & Livesey,* for respondent.

TOLMAN, J.—The McCoy-Loggie Timber Company, a corporation, about May 3, 1922, commenced, in the superior court for Whatcom county, a proceeding to condemn a right of way for a logging railroad over land belonging to the petitioners herein. After certain preliminaries, not necessary here to be specified, the matter came on for hearing before the respondent judge on June 26, 1922, as to the necessity for the taking. Witnesses were sworn and testimony introduced, from which it appeared that one Henry Hewitt, Jr., was the record owner of an undivided one-third interest in the land sought to be taken; that Henry Hewitt, Jr., had died some years prior thereto, leaving a widow and several children surviving him; that the facts as to the death of Henry Hewitt, Jr., and his surving heirs did not appear of record in Whatcom county, and that the Henry Hewitt made a defendant in the petition to condemn, and served with process, was not Henry Hewitt, Jr., the record owner, but was one of his surviving sons. When these facts appeared, petitioners therein, respondents below, moved the court to discontinue the hearing and dismiss the proceedings, because Henry Hewitt, Jr., and his heirs had not been made parties to the action, which motion was denied, and that ruling is assigned as error.

It seems to be conceded that, under the terms of the statute as construed by this court in *State ex rel. Long v. Superior Court,* 80 Wash. 417, 141 Pac. 906, one seeking to condemn property need not go beyond the public records in determining who are proper and

necessary parties to the proceeding.   The records of
Whatcom county disclosed that Henry Hewitt, Jr.,
was a necessary party.   The general rule appears to
be:

"The addition of the abbreviations 'Sr.' or 'Jr.'
or '2nd' or words of similar import to a name is no
part of the name."   29 Cyc. 267.

"Where the only difference between two names is
in such an addition, they are presumed to refer to the
same person until the contrary is affirmatively alleged
and proved."   29 Cyc. 268; 19 R. C. L. 1328-31; Ann.
Cas. 1917A 1206, and note p. 1211.

So, on the face of the petition to condemn, it was
sufficient until the contrary appeared from the proof,
and when that proof was offered in the case, what was
the duty of the trial court?   Respondents there,
petitioners here, asked for the hearing to be dis-
continued and the proceeding dismissed, and did not,
according to the record before us, ask that the hearing
be continued in order that the parties then shown to
be necessary might be brought in.   Clearly, the court
did not err in denying this motion.   Had the motion
been for a continuance of the hearing, quite another
question would be thus presented, and one which we
are not now called upon to discuss or decide.   If the
court should, of his own motion, have required the
necessary parties to be brought in, he was excused
from such action by the petitioner then obtaining leave
to bring in the parties shown to be necessary and
promptly curing the defect of parties.   If the re-
spondents there were entitled to have the necessary
parties before the court when the order of necessity
as to them was made, they should have asserted that
right by moving for a continuance.   Not having done
so, they cannot now complain.   Such seems to be the

course contemplated by our statute. Rem. Comp. Stat., §§922 and 924.

A further claim of error is based upon the failure of the trial court to include in the order of necessity a provision protecting the respondents in their right to have their timber products conveyed over the proposed railroad. The logging company, in its petition to condemn, offered to carry timber or other products of the land through which the right of way was sought, so long as the road should be operated, at reasonable rates; but it appears that petitioners here own 80 acres adjoining the tracts belonging to them through which the road is to run, to which the offer does not by its terms extend. They therefore moved the court to include in its decree a provision to the effect that the offer to transport be extended to cover their entire tract of land. The court declined to make any order respecting this matter at that time, but announced, in effect, that, at the proper time, he would hear the matter and make such order as might be in accordance with the rights of the parties. This action is also assigned as error.

The statute, Rem. Comp. Stat., § 6749, is silent as to just when and how the court should pass upon such a matter. In *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234, it was held not necessary that such an offer should be tendered and proven in the preliminaries of a condemnation proceeding, and referring to the offer, or contract, which the statute requires, it is there stated:

"It may be properly withheld until the trial takes place on the question of damages, or may be presented at any time prior to the close of the trial of the case. It is only necessary that such agreement or contract appear in the final record in the case, and must be

entered into by the condemning parties before they can acquire the right of way."

If, then, the offer or contract may be so delayed, so, also, may the ruling thereon be delayed, and petitioner here may not complain of inaction by the trial court until the final judgment of appropriation is entered.

The judgment of the trial court is affirmed.

PARKER, C. J., MAIN, FULLERTON, and HOVEY, JJ., concur.