## Alleman v. Lowengart et al.

*Edwin D. Strite,* for plaintiff.
*George S. Black,* for defendants.

WINGERD, P. J., April 2, 1948.—On June 12, 1947, plaintiff brought suit by filing his complaint against defendants, which complaint was served on defendants the same day. Plaintiff alleged in his complaint that he was trading and doing business as J. J. Alleman Electric Company. The basis of his complaint is an action in assumpsit for goods sold and delivered by him to defendants on an oral agreement, such sales and deliveries beginning January 10, 1947. On July 14, 1947, defendants filed preliminary objection on the ground that plaintiff was trading and doing business under a fictitious name and alleging that prior to March 1947 he had not registered under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1-28.13, and that on March 19, 1947, he registered as trading and doing business under the name of J. J. Alleman Electrical Company and that he had not paid to the Secretary of the Commonwealth the amount of $25, as required by the Fictitious Names Act of 1945,

supra, and praying that the court dismiss the action. On July 30, 1947, plaintiff filed preliminary objection to the preliminary objection, alleging that the allegations in defendants' preliminary objection were legally insufficient to sustain it as the facts alleged do not establish plaintiff's lack of capacity to sue. There was no denial of the averments in defendants' preliminary objection; therefore, we must take them as true, the pleading filed in answer thereto being in the nature of a demurrer.

The undisputed facts before the court are that J. J. Alleman, trading as J. J. Alleman Electric Company, entered into a contract with defendants without having registered under the Fictitious Names Act of May 24, 1945, supra; that before instituting suit he had registered in accordance with the act as trading and doing business under the name of J. J. Alleman Electrical Company, but that prior to instituting suit he had not paid the license fee or fine of $25 provided for in section 4 of the act. As to the last statement, plaintiff sets forth in his brief, handed to the court at the time of the oral argument of the issues raised by defendants' preliminary objection, that plaintiff had paid his license fee or fine as evidenced by the receipt of the Commonwealth of Pennsylvania, Department of Revenue, dated October 2, 1947.

The position of plaintiff is that he was not required to register under the Fictitious Names Act of 1945 because the name, J. J. Alleman Electric Company, was not such a name as is within the purview of the act since it disclosed the name of the only person interested in the business. The first question which we must determine is whether J. J. Alleman Electric Company is a fictitious name within the purview of the Fictitious Names Act of 1945. Whether or not the name, J. J. Alleman Electric Company, is a fictitious name when the only person interested in the business transacted under that name is J. J. Alleman, depends entirely on

the effect of the word "Company". In Webster's New International Dictionary "company" is defined as "An association of persons for a joint purpose or performance, esp. for carrying on a commercial or industrial enterprise or business". "Those members of a partnership firm whose names do not appear in the firm name." Collog. In Bouvier's Law Dictionary, Baldwin's Cen. Ed., "company" is defined as "An association of a number of individuals for the purpose of carrying on some legitimate business." We find no appellate court decision in Pennsylvania which holds that the use of the word "company" in a trade name, for a business owned entirely by one individual whose name appears in the trade name, constitutes a fictitious or assumed name within the purview of either the Fictitious Names Act of June 28, 1917, P. L. 645, as amended by the Act of June 29, 1923, P. L. 979, 54 PS 21, or the Fictitious Names Act of 1945, supra. Both of these acts use the same words "No individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style, or designation, unless . . .," so the decisions under the older act in regard to this particular matter are relevant in the interpretation of the later act. The Superior Court, however, in Snaman v. Maginn, 77 Pa. Superior Ct. 287, 289, seems to assume that one person, E. U. Snaman, trading as the Snaman Realty Company, was trading under an assumed or fictitious name. There was no contention otherwise, so, although the direct question was not raised, as the case was decided on the premise that plaintiff was doing business under an assumed name without complying with the Act of June 28, 1917, P. L. 645, supra, it is at least some authority for the conclusion that where one person does business under a trade name, including the word "company", he is trading under an assumed or fictitious name.

In the case of Ferraro et al. v. Hines, Director Gen. of R.R., etc., 77 Pa. Superior Ct. 274, it was held that two persons operating under the name "A. Ferraro & Company", were operating under an assumed or fictitious name, as "company" did not disclose the names of the other person or persons interested in the business.

In Commonwealth to use of Hagerling Motor Car Co. v. Palmer et al., 3 D. & C. 650, Judge Hargest of Dauphin County held flatly that L. H. Hagerling, sole owner, doing business as "Hagerling Motor Car Company", was within the purview of the Fictitious Names Act of 1917, supra. He states on page 651:

"In Mangan v. Schuylkill County, 273 Pa. 310, it is held that the word 'fictitious', as used in this act of assembly, is explanatory of 'assumed', and means 'pretended', 'not real', 'arbitrarily invented or devised'. 'The Hagerling Motor Car Company' is certainly within this definition. An individual cannot be a company. This name implies a corporate existence rather than a single individual trading in that capacity. Therefore, it is a pretended and arbitrarily devised name. The word 'company' gives no notice as to who compose it".

The basis of the decision is clearly that the fact that the word "company" is used in the trade name, even though only one person, whose surname is also part of the trade name, is the sole proprietor, makes the trade name a fictitious or assumed name within the purview of the Fictitious Names Act of 1917, supra.

In Stevens v. Meade, 13 D. & C. 9, it was held that Albert Stevens, trading as Albert Stevens Hardwood Flooring Company, was not a fictitious name. It is a little difficult to ascertain from the opinion whether the court held that "Albert Stevens, trading as Albert Stevens Hardwood Flooring Company" is not a fictitious name or "Albert Stevens Hardwood Flooring Company" is not a fictitious name.

We realize that in other jurisdictions under similar acts, although somewhat different in their provisions, the word "company" is held not to constitute a fictitious name if the name of the sole proprietor is also part of the trade name. For instance, "McCreery Machinery Company", in McCreery v. Graham et al., 121 Wash. 466, 209 Pac. 692, and "George W. Merrill Automobile Company", in Merrill v. Caro Inv. Co., 70 Wash. 482, 127 Pac. 122, were held not to be assumed names. See 45 A. L. R. 260-262. In a late case, Tate v. Atlanta Oak Flooring Co., et al., 18 S. E. (2d) 903 (Va.), the Supreme Court of Appeals of Virginia held that A. E. Tate, the sole owner of the business trading as "A. E. Tate Lumber Company" was not trading under an assumed or fictitious name within the purview of the Virginia statute forbidding any person from conducting or transacting business under any assumed or fictitious name without registration. However, it is clear in this case that, under the provisions of the statute in question, a person making a contract while trading under a fictitious name without registration was precluded from recovering on the contract. This may have largely influenced the court in giving the statute a very strict interpretation.

In our opinion the use of the word "company" in a trade name, although the full name of the individual operating under the trade name is disclosed in it, in addition to the word "company", constitutes a fictitious or assumed name within the purview of the Fictitious Names Act of 1945, supra. The word "company" clearly indicates an association of persons carrying on a business and, as only one person is carrying on the business under a name which indicates an association, such person necessarily is conducting the business under an "assumed or fictitious name, style, or designation".* The question before us is not whether any

---

* Act of May 24, 1945, P. L. 967, sec. 1, 54 PS §28.1.

person has been deceived or whether any fraud has been perpetrated by the use of the name in question, but whether or not it is in fact a fictitious name within the purview of the Fictitious Names Act of 1945, supra. As we hold it to be within the purview of that act, registration is required and the license fee or fine must be paid before suit can be instituted. The act, in section 4, prohibits any person or persons, who are within the purview of the act and have not complied with it, from instituting any action based on a contract entered into until such person shall have registered, and provides further "Before any such person or persons may institute any action in any of the courts of this Commonwealth . . ., such person or persons shall pay to the Secretary of the Commonwealth for the use of the Commonwealth a license fee or fine of twenty-five dollars ($25.00)". The foregoing provision of the Fictitious Names Act of 1945, supra, clearly applies to both residents and nonresidents of this Commonwealth and in that respect differs from the Fictitious Names Act of 1917, as amended in 1923, 54 PS §21: Lamb v. Condon et al., 276 Pa. 544, 120 Atl. 546.

Plaintiff in this case, having sold the goods to defendants, while conducting his business under a fictitious name without registration, cannot institute suit to recover the price of such goods before he registers properly under the Fictitious Names Act of 1945, supra, and pays to the Secretary of the Commonwealth a license fee or fine of $25, and having failed to pay such license fee or fine prior to the institution of the present action, the present proceedings are dismissed and plaintiff shall pay all costs accrued, without prejudice to plaintiff instituting another action after having complied fully with the provisions of the Fictitious Names Act of 1945, supra.

Now, April 2, 1948, the present proceedings are dismissed, without prejudice to plaintiff's right to insti-

tute another action after complying with the provisions of the Fictitious Names Act of May 24, 1945, P. L. 967. Plaintiff shall pay the accrued costs.