[No. 13352. Department Two. May 19, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Preston Mill Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

EMINENT DOMAIN—PERSONS ENTITLED — CONTRACT RIGHTS — PRIVATE WAY OF NECESSITY—STATUTES. A private way of necessity for a logging road may be condemned although the petitioner already has a lease thereof for as long a term as may be required, under 3 Rem. & Bal. Code, § 5857-1, making the right to condemn depend merely upon whether one has land so situated with reference to the land of another that it is necessary for its proper use and enjoyment to have a private way of necessity, without reference to any contract rights.

Certiorari to review a judgment of the superior court for King county, Ronald, J., entered February 25, 1916, denying the right to condemn a right of way for a logging road, after a trial to the court. Reversed.

*Corwin S. Shank* and *H. C. Belt,* for relator.

*Chas. M. Fouts,* for respondents.

MAIN, J.—This case was heard in this court upon an application for a writ of certiorari, and upon the hearing it was submitted upon the merits. Since the hearing, a transcript has been filed in which is embodied the judgment of the superior court.

The facts, as they appear in the petition and affidavit for the writ, so far as necessary to set them out, are substantially as follows: On February 4, 1916, and for some time prior thereto, the relator was the owner of a tract of land in King county, Washington, upon which there was a large quantity of valuable timber. In order that this timber might be logged and delivered to a mill or the market, it was necessary to construct a logging railroad over and across land owned by Frank Berger and wife. On November 14, 1912, Berger

[1]Reported in 157 Pac. 689.

and wife leased to the relator a strip of land for a period of one year, and for such other and further period of time as the relator might retain possession of the same. After the execution of this lease, the relator entered into possession of the strip of land covered thereby and constructed thereon a logging railroad.

During the legislative session of 1913, a law was passed authorizing the condemnation of land for logging railroads (Laws of 1913, ch. 133, p. 412; 3 Rem. & Bal. Code, § 5857-1 *et seq.*). In the case of *State ex rel. Mountain Timber Co. v. Superior Court*, 77 Wash. 585, 137 Pac. 994, the constitutionality of this law was sustained. It will be observed that the contract right which the relator had in this case was acquired prior to the passage of this act.

On February 4, 1916, the date above mentioned, the relator brought an action in the superior court for King county for the purpose of condemning a right of way across the land owned by Berger and wife for logging railroad purposes. The strip of land sought to be condemned was the same as that covered by the contract. At the time the action was instituted, the relator was in possession of this strip of land and operating a logging railroad thereon under its lease.

The trial court was of the opinion that, since the relator was in lawful possession of the strip of land sought to be condemned, the necessity for condemnation did not exist, and entered a judgment adjudicating that a necessity for the condemnation did not exist. The case is here for the review of that judgment.

To the petition and application filed in this court, the respondent demurred. By the demurrer, it is admitted that, for the purpose of logging the relator's land, it is necessary to have a logging railroad constructed and operated over and across the land of the Bergers. But it is claimed that, since the relator has this right by contract, it has no right under the statute to condemn. The sole question here for determination is whether the relator can exercise the right

of condemnation given by the law, when it is rightfully in possession under its contract of the land sought to be condemned.

The question presented requires a construction of § 1 of the statute. That section provides:

"An owner, or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity . . . on, across, over or through the land of such other . . . may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity . . . The term 'private way of necessity,' as used in this act, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads, logging roads . . . over . . . which timber, stone, minerals or other valuable materials and products may be transported and carried." 3 Rem. & Bal. Code, § 5857-1.

The portions of the statute omitted indicated by the stars are not here material.

By § 2 (Id., § 5857-2) of the statute, the procedure for the condemnation of land for a private way of necessity is the same as that provided for the condemnation of private property by railroad companies. It should be noted that this statute gives an owner of land which is so situated with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity the right to acquire such right of way by condemnation, and that the definition of the term private way of necessity includes logging roads. There is no provision in the statute requiring a person desiring to acquire a right of way for a logging road to first attempt to secure that right of way from the owner of the land over which the road must pass by private contract. Neither is there any provision in the statute that prevents the condemnation if a right has previously been acquired by contract. Under the statute, the right to condemn exists when land is so situated

with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity.

Under the admitted facts in this case, the relator's timber land is so situated with respect to the land of the Bergers that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity. If it were necessary as a precedent condition to the right to condemn to first attempt to acquire the right by contract, it would make the test of whether the right existed depend upon whether the right could be acquired by private contract for a reasonable consideration. If the right to condemn is denied to one who has previously acquired a right by contract, then, in such a case, the right of condemnation would necessarily depend upon the validity of such contract, because, if the contract were valid, a right of condemnation would not exist, while if it were invalid, condemnation could be maintained. These are conditions not found in the statute. The right to condemn must be measured by the terms of the statute. As we read the statute, the right of condemnation does not in any sense depend upon what private agreement the parties may have made, or have attempted to make.

The cases cited bearing upon common law private ways of necessity shed little if any light upon the question, since the way of necessity here involved is purely statutory. The only question presented and decided in the case of *State ex rel. Mountain Timber Co. v. Superior Court, supra,* was the constitutionality of the law. The question whether the right to condemn under the statute would be denied if the party condemning had previously acquired a right by contract was not there involved.

The judgment of the superior court will be reversed, and the cause remanded for further proceedings.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.