[No. 196-3.    Division Three.    October 30, 1970.]

THE STATE OF WASHINGTON, PARKS AND RECREATION COM-
MISSION, *Respondent*, v. LESLIE SCHLUNEGER *et al.*,
*Appellants.*

Hancock & Kohls and Kelly Hancock, for appellants.

James H. Dailey (of Lawson & Dailey) and Slade Gorton, Attorney General, for respondent.

GREEN, J.—The Parks and Recreation Commission brought this action to condemn an easement over appellants' land for a pipeline to carry water from the Methow River to Alta Lake for the purpose of rehabilitating and stabilizing the water level of the lake. Appellants, Leslie and Marjorie Ruth Schluneger, and John and Veronica Schluneger, challenge and seek review by writ of certiorari of an order adjudicating public use entered in favor of the Parks and Recreation Commission of the State of Washington.

Alta Lake State Park borders the waters of Alta Lake in Okanogan County. Those using the park also use the lake for fishing, swimming and boating. Since 1960, the water level of Alta Lake has been receding. By 1968, when this action was commenced, the lake was 11 to 12 feet below the 1960 level. As a result, the swimming areas became muddy; the beach was unacceptable to users of the park; the boat launch facilities became inoperative and required relocation; and the esthetic beauty of the park was affected. To correct this situation, the Parks and Recreation Commission concluded that water should be piped from the Methow River to the lake for the purpose of restoring and maintain-

ing the water level. To this end, this condemnation proceeding was commenced.

■ A condemnation action consists of three phases: (1) adjudication of public use and necessity, (2) determination of damages to be awarded to the owner, and (3) payment of the amount of the award and entry into possession. *State ex rel. Lange v. Superior Court,* 61 Wn.2d 153, 156, 377 P.2d 425 (1963). The issues raised on appeal relate solely to the first phase.

■ First, appellants challenge the authority of the Parks and Recreation Commission to acquire the proposed easement. It is contended that since the lake is not a part of the park, the piping of water into it is not for a "park or parkway purpose" within the meaning of RCW 43.51.040(7). While the park borders Alta Lake, title to the lake bottom is not vested in the Parks and Recreation Commission; however, the Parks and Recreation Commission are owners of the abutting shore lands. Nevertheless, the waters of Alta Lake were used by the public in conjunction with the park for swimming, boating and fishing. To this extent Alta Lake is an integral part of the park. This became even clearer when receding lake waters jeopardized public use of the park. The portion of RCW 43.51.040 upon which appellants rely provides in part:

The commission shall:

. . .

(7) . . . select and purchase or obtain options upon, lease, or otherwise acquire for and in the name of the state such tracts of land, including shore and tide lands, for *park and parkway* purposes as it deems proper.

(Italics ours.) Considering the circumstances outlined above, we conclude the easement sought to be acquired is for a park purpose within the meaning of the statute. It is undenied that stabilizing the lake level will enhance, if not be imperative to, the future use of Alta Lake State Park. Public use and necessity therefore exists. *Decatur Park Dist. v. Becker,* 368 Ill. 442, 14 N.E.2d 490 (1938); *Chicago Park Dist. v. Canfield,* 370 Ill. 447, 19 N.E.2d 376, 121 A.L.R.

557 (1939); *Otto v. Bobo*, 287 S.W.2d 274 (Tex. Civ. App. 1956); and *Hogue v. Port of Seattle*, 54 Wn.2d 799, 341 P.2d 171 (1959) cited by appellants are not in point. Appellants' first challenge must fail.

■ Second, appellants contend Alta Lake is under the control of the Department of Game of the State of Washington who agreed to contribute $30,000 toward raising the water level. It is asserted that since the Department of Game does not have the power of eminent domain, the Parks and Recreation Commission cannot condemn for the use of the Department of Game. The record does not support appellants. The primary reason for raising the water level of Alta Lake is to benefit Alta Lake State Park. True, an incidental benefit would result to the Department of Game; hence their financial contribution. However, the record shows only minimal benefit to the interests of the Department of Game.

■ Third, appellants contend that because the Parks and Recreation Commission had a franchise to establish a pipeline to carry water from the Methow River to Alta Lake along a county road, no necessity for condemnation of an easement across appellants' land exists. We disagree. This franchise was secured as part of a preliminary study. The testimony does not support the conclusion that the route represented by the franchise was economically feasible. To the contrary, the route selected across appellants' land was the most direct and economical route. While the issue of public use and necessity is a judicial one, the administrative selection is conclusive in the absence of bad faith, arbitrary, capricious, or fraudulent action. *State ex rel. Lange v. Superior Court, supra.* Since the record does not support this conclusion and appellants do not contend that it does, the selection of the route over appellants' land must be sustained.

■ Fourth, appellants contend the trial court erred when it refused evidence of an alleged contract between them and the Parks and Recreation Commission. By offer of proof, appellants stated they would prove a contract

whereby they agreed to deliver 3,500 acre feet of water to Alta Lake during a 30-month period for $90,000; that such contract was contingent upon a contribution of $30,000 by the Department of Game; that the contingency has been satisfied; that appellants at all times were ready to perform; and the agreed price under the contract is less than the costs under the plan proposed in the condemnation. It is argued the existence of a contract to provide water for Alta Lake renders the acquisition of the easement unnecessary; therefore, the evidence of the contract was relevant to the issue of necessity. It is noted this proceeding seeks to condemn a perpetual easement for a pipeline to carry water to Alta Lake; whereas, the alleged contract is to provide a limited amount of water within a limited period of time. The interests covered by the contract are different from the interests sought to be acquired in this proceeding.

The power of eminent domain cannot be surrendered or bargained away, nor can an agent of the state bind it to a restricted exercise of that power. Further, the right to condemn may be exercised without reference to contract rights. *State v. Charlton,* 71 Wn.2d 748, 430 P.2d 977 (1967). As in *Charlton,* appellants do not contend there was any express or implied promise that a condemnation action would not be commenced in the future. In view of this circumstance and the fact that the interests covered by the alleged contract are not identical to the interests sought to be condemned in this proceeding, admission of the contract on the issue of public use and necessity was properly denied. *Cf. State ex rel. Preston Mill Co. v. Superior Court,* 91 Wash. 249, 157 P. 689 (1916); *State ex rel. Henry v. Superior Court,* 155 Wash. 370, 284 P. 788 (1930).

However, appellants are entitled, if they desire, to a determination as to whether or not a valid contract exists between themselves and the Parks and Recreation Commission; and if so, damages, if any, for the breach of that contract should be ascertained. Since the matter arises directly from the condemnation proceeding, these issues may be tried and separately determined upon the trial of the

second phase of this action. *Cf. State v. Shain,* 2 Wn. App. 656, 469 P.2d 214 (1970).

■ Last, appellants contend the resolution of the Parks and Recreation Commission was deficient for reciting only the conclusion the easement was necessary in connection with the development of Alta Lake State Park without setting forth the precise reasons for such necessity. This contention is without merit. RCW 43.51.040(7) makes no such requirement. The court properly allowed a representative or employee of the Commission to testify as to the facts showing necessity. Those facts disclosed the gradual lowering of the water level of Alta Lake with an adverse effect upon the swimming and the boat launching area, as well as the general esthetics and public use of the park. It was not necessary to state these facts in the resolution.

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied December 23, 1970.

Review denied by Supreme Court February 9, 1971.