[No. 278. Decided December 3, 1891.]

NELLIE LEE, *Appellant,* v. THEODORE M. LEE, *Respondent.*

DIVORCE—CRUELTY—PLEADING—EVIDENCE—COSTS.

A wife can be a witness in her own behalf in an action for divorce, and is not required to prove every material fact alleged in her complaint by testimony in addition to her own.

Where, in an action for divorce, the uncontradicted testimony shows that the husband is in the habit of becoming intoxicated at frequent intervals, at which times he is extremely abusive and insulting toward his wife, frequently threatening her with violence, sometimes violently assaulting her, often accusing her in the presence of others of infidelity and of improper intimacy with a neighbor, and that she had been driven from her home through fear of violence on his part, the wife is entitled to a decree of divorce on the ground of cruelty.

Although an objection for misnomer of the plaintiff is waived by filing an answer to the merits, it is not prejudicial error for the court to order the filing of an amended complaint, after issue joined, where the complaint is amended without any considerable delay or expense.

It is not prejudicial error for the court to refuse to strike a portion of defendant's answer in divorce proceedings which, though not constituting a defense to the action, sets forth the physical condition of the defendant and the present and prospective financial condition of the parties.

Under the statute providing that, on decreeing or refusing to decree a divorce, the court may, in its discretion, require the husband to pay all reasonable expenses of the wife in the prosecution of her petition, the supreme court will not review the action of the trial

court in refusing to order defendant to pay as costs the fees of officers and of all witnesses of plaintiff, and a sufficient amount to enable her to prosecute her appeal.

While new and separate items of complaint, sufficient in themselves as grounds for divorce, cannot be proved unless pleaded, minor circumstances and general conduct which disclose the animus of the defendant in the commission of the acts charged may be shown.

*Appeal from Superior Court, Pierce County.*

The facts in this case are stated in the opinion.

*H. W. Lueders,* for appellant.

*Town & Likens,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—This was an action brought by the appellant against the respondent to obtain a decree of divorce, on the grounds of cruelty and habitual drunkenness. The cause was tried by the court, and after hearing the testimony of the plaintiff, and her witnesses, counsel for defendant, without introducing any testimony on behalf of the defendant, moved the court to dismiss the action on the ground that the evidence was insufficient to entitle the plaintiff to the relief demanded. The court granted the motion, and accordingly gave judgment dismissing the action. In so doing appellant claims the court committed error.

It is suggested by counsel for appellant that the learned judge who tried the cause was of the opinion that the pleadings in an action for divorce are evidence to the same extent as they formerly were in the ecclesiastical and chancery courts, and that the plaintiff, in order to succeed, must prove every material fact by testimony in addition to her own. If such was the case, the court was in error, for by our statute the pleadings are not deemed proof of any fact or facts therein contained. See code, § 741. The

law makes the wife a competent witness in her own behalf in an action for divorce, and the court must receive her testimony as it would that of any other witness in a civil action, and it must be presumed that she testifies to the truth, in the absence of anything showing the contrary.

The testimony of appellant shows that for some years the respondent has been in the habit of becoming intoxicated, at frequent intervals, and so remaining for a period of several days together, on which occasions his conduct toward her has been extremely abusive and insulting; that he often accused her of infidelity, without cause; that he frequently threatened her with violence; and on one occasion violently assaulted her, threw her on the lounge, "strained her back," put one of his arms across her neck, and choked her, and tried to strike her; that at about the same time he accused her of improper intimacy with a neighbor with whose sick wife she had spent the previous night, in order to relieve those of the family who were greatly fatigued by long and constant attendance and waiting upon this helpless invalid; and that he made the same accusation to the woman's husband and brother, both of whom testify to the fact; and that respondent, while intoxicated, several times endeavored to commit suicide by taking hydrate of chloral, or some other poison. That he did take such drug, as stated by appellant, is also shown by the testimony of the attending physician. Appellant also testifies that she was driven from her home through fear of violence on the part of her husband.

While it is not the policy of the law, or the practice of the courts, to sever the marriage relation for any but grave causes satisfactorily proven, we nevertheless think that the testimony presented in the record in this case, standing as it does uncontradicted, clearly justifies a decree of divorce on the ground of cruelty. To say nothing of the alleged personal violence inflicted by respondent upon appellant,

it is hard to conceive how a husband could be more cruel to a wife not entirely devoid of all sensibility and womanly instincts, than to persistently and falsely, and without just cause, accuse her of unchastity, especially to or before other persons. And the fact that he does so in the frenzy of intoxication is no mitigation of the offense, for habitual drunkenness is itself a sufficient ground for divorce under our statute.

Appellant also complains of the action of the court in ordering the filing of an amended complaint after issue was joined and the cause was brought on for trial, on account of a misnomer of the plaintiff. It seems to be well settled that the objection for misnomer is waived by filing an answer to the merits. See Boone, Code Pleading, § 255. But as the complaint was amended without any considerable delay or expense, we do not see how appellant was materially injured thereby.

Counsel for appellant further objects to the ruling of the court in refusing to sustain his motion to strike out part of defendant's answer. If this was error, it does not appear that it was prejudicial to appellant. It is true that much of that part of the answer which is objected to might have been properly omitted, as it does not constitute a defense to the action. But as it simply sets forth the physical condition of the defendant, and the present and prospective financial condition of the parties, facts which the court would probably ascertain whether pleaded or not, it is difficult to see how appellant was injured by the refusal to strike.

It is further claimed that the court erred in refusing to modify and correct the judgment for costs against the respondent so as to include the fees of officers as well as the fees of all of appellant's witnesses subpœnoed at the trial, and a sufficient amount to enable her to prosecute her appeal. These matters are largely in the discretion of the trial court. The statute provides that, on decreeing or

refusing to decree a divorce, the court may, in its discretion, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of her petition. And it would certainly seem that the necessary expenses of the trial are reasonable expenses. The court allowed the wife in this instance, it is claimed, only a part of her actual disbursements, and refused to allow more. In addition to the costs allowed, the court required the defendant to pay fifty dollars for the use of the plaintiff. And while we might not consider the whole sum awarded as reasonable, under the circumstances, if the question were left to our determination, still, the court having exercised its discretion in the matter, we do not think its action should be here reviewed.

Appellant likewise contends that the court below erred in restricting the proof to the particular specific allegations of the complaint. In such cases the rule is, that the proof must correspond with the allegations, general and specific, but the evidence is not necessarily limited to the particular facts charged, nor need all the facts alleged be proved, nor proved precisely as laid. There must not be a material variance between the allegations and the evidence for the plaintiff. No new and separate items of complaint, sufficient in themselves as grounds for divorce, can be proved, but minor circumstances and general conduct which disclose the animus of the defendant in the commission of the acts charged may be shown. Brown on Divorce, pp. 127, 128. From an examination of the record we are of the opinion that appellant has no just cause to complain of the ruling of the court touching the admission of testimony.

The judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with law.

STILES, DUNBAR, HOYT and SCOTT, JJ., concur.