[No. 10846. Department One. July 10, 1913.]

## Leva Griffith, *Appellant*, v. Daniel Griffith, *Respondent*.[1]

Divorce—Appeal—Review—Findings. The action of the trial court in dismissing an action for a divorce in a doubtful case will not be disturbed on appeal, where the evidence is conflicting and the trial court heard and saw the witnesses.

Divorce—Suit Money—Amount—Discretion. The discretion of the trial court in denying attorney's fees and suit money in a divorce action, will not be disturbed on appeal except for abuse; and no abuse appears where, on dismissal of the action, the court allowed $50 attorney's fees and $25 suit money, there being property worth not to exceed $5,000 subject to a large indebtedness.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered September 3, 1912, dismissing an action for divorce, after a hearing on the merits before the court. Affirmed.

*Frank H. Kelley*, for appellant.

*Rickabaugh & McElroy* and *Williamson, Williamson & Freeman*, for respondent.

Gose, J.—This is an action for divorce, based upon alleged acts of cruelty on the part of the defendant. After a

[1]Reported in 133 Pac. 443.

hearing upon the merits, the court dismissed the action. The plaintiff has appealed.

The appellant testified to acts of cruelty which, if the testimony is true, entitled her to a divorce. These acts were specifically denied by the defendant while upon the witness stand. Both sides are in a measure corroborated. In view of this fact, we do not feel warranted in disturbing the judgment of the trial court. In cases of this character the trial judge has a much better opportunity to arrive at the truth than has this court from a mere reading of the evidence. He saw the witnesses in action and had an opportunity to observe and test their prejudices. The testimony of either the plaintiff or the defendant is essentially false. A reading of the record has failed to convince us that the truth lies with the plaintiff. The policy of the law as reflected by the decisions of this court is to deny divorces in doubtful cases. *Bounds v. Bounds*, 23 Wash. 593, 63 Pac. 1134.

Error is assigned in that the trial court denied the appellant's motion for counsel fees and suit money at the time of the commencement of the action, and in denying her motion for reasonable counsel fees after the dismissal of the case. The code, Rem. & Bal., § 988 (P. C. 159 § 13), clothes the trial court with a discretion in these matters, which will not be reviewed except for abuse. *Arey v. Arey*, 22 Wash. 261, 60 Pac. 724; *Willey v. Willey*, 22 Wash. 115, 60 Pac. 145, 79 Am. St. 923; *Lee v. Lee*, 3 Wash. 236, 28 Pac. 355.

In the *Willey* case, the court said:

"The amount allowed as suit money and attorney's fees is peculiarly within the discretion of the superior court, and it does not appear that there was any abuse of that discretion in the order made."

In the *Lee* case, the court, in addressing itself to this question, said:

"And while we might not consider the whole sum awarded as reasonable, under the circumstances, if the question were left to our determination, still, the court having exercised its

discretion in the matter, we do not think its action should be here reviewed."

After the entry of the judgment of dismissal the court, on the application of the appellant, allowed her $25 as suit money and $50 as attorney's fees. The court found that the property was not worth to exceed $5,000. The evidence shows a large indebtedness, some of it in the form of liens against the property. Upon the entire record, we are not prepared to say that there was an abuse of discretion.

The judgment is affirmed.

PARKER, CHADWICK, and MAIN, JJ., concur.