[No. 12468. Department Two. April 20, 1915.]

A. B. CROSIER, *Appellant*, v. EDWARD CUDIHEE, *Sheriff of King County, et al., Respondents.*[1]

CONSTITUTIONAL LAW—LIENS—CONDITIONAL SALE CONTRACTS—MECHANICS' LIENS—PRIORITIES—STATUTES. Rem. & Bal. Code, § 1156, which provides that "every person who is in possession of a chattel, under an agreement for the purchase thereof, whether the title thereto be in him, or his vendor, shall for the purposes of this act [Id., § 1154], be deemed the owner thereof, and the lien of a person expending material, labor or skill thereon shall be superior to and preferred to the rights of the person holding the title thereto," is not unconstitutional as preferring mechanics' liens over the interest of the vendor under a conditional sale contract, nor as being a deprivation of one's property without due process of law.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ACTIONS. One who is in court seeking to enforce the validity of his vendor's lien as against a mechanics' lien is not in a position to urge that he has been deprived of his property without due process of law.

PARTNERSHIP — FICTITIOUS NAME — COMPLIANCE WITH STATUTE—OBJECTIONS. The objection that a partnership, doing business under an assumed name, cannot maintain an action because it had failed to file with the county clerk the designation of the firm, with the names of all the partners, as required by Rem. & Bal. Code, § 8369, goes only to the capacity to sue, and is waived if not raised by demurrer or answer.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 6, 1914, upon findings in favor of the defendants, in an action to enjoin the sale of chattels and to cancel liens thereon, tried to the court. Affirmed.

[1]Reported in 147 Pac. 1146.

*Penrose L. McElwain,* for appellant

*James G. Combs,* for respondents.

MORRIS, C. J.—Defendant O. M. Crosier, between May 26, 1913, and October 21, 1913, was in possession of two automobiles, under conditional sale contracts evidencing the terms of their purchase from appellant. These contracts were duly filed for record. During this period of time, respondents Crossett, at the request of O. M. Crosier, furnished material and labor in the repairs of the automobiles amounting to $576.50, for which four liens were filed. In November, 1913, proceedings were commenced to foreclose these liens, when appellant commenced this action against the sheriff and the Crossetts, seeking to cancel the liens and restrain the sale of the automobiles. The Crossetts appeared, setting up the liens, and, by way of cross-complaint, asked for their foreclosure. The lower court found in favor of the Crossetts under the cross-complaint, and decreed a foreclosure of the liens. A. B. Crosier appealed.

The pertinent statutes are Rem. & Bal. Code, §§ 1154, 1156:

"1154. Every person, firm or corporation who has expended labor, skill or material on any chattel, at the request of its owner, or authorized agent of the owner, shall have a lien upon such chattels for the contract price for such expenditure, or in the absence of such contract price, for the reasonable worth of such expenditure, for a period of one year from and after such expenditure, notwithstanding the fact that such chattel be surrendered to the owner thereof: provided, however, that no such lien shall continue after the delivery of such chattel to its owner as against the rights of third persons who may have acquired an interest in, or the title to, such chattel in good faith, for value, and without actual knowledge of the lien."

"1156. Every person who is in possession of a chattel, under an agreement for the purchase thereof, whether the title thereto be in him, or his vendor, shall for the purposes of this act, be deemed the owner thereof, and the lien of a

person expending material, labor or skill thereon shall be superior to and preferred to the rights of the person holding the title thereto, or any lien thereon antedating the time of expenditure of the labor, skill or material thereon by a lien claimant, to the extent that such expenditure has enhanced the value of such chattel."

Appellant contends that § 1156 (P. C. 309 § 167), is unconstitutional in that it prefers liens of this character over any prior security held by a vendor, and grants a lien against the interest of the vendor when, as here, such interest is evidenced by a conditional sale contract. It is also asserted that the effect of the statute deprives appellant of his property without due process of law. Appellant cites no direct authority supporting his contention, and we find none. We cannot recall any rule of law which would make this statute unconstitutional. Statutes establishing priorities as between liens are not uncommon, and such statutes have never been successfully attacked because liens of this character have been granted priority over vendors', mortgagors' and other liens. The fact that appellant is in court seeking the validity of his lien against that of respondents is a sufficient answer to his contention that he has been deprived of his property without due process of law.

A second contention is that respondents Crossett were doing business under an assumed name without complying with Rem. & Bal. Code, §§ 8369-8373 (P. C. 377 §§ 21-29), requiring that when persons are doing business under a name other than their true name, a certificate shall be filed in the office of the county clerk showing the name under which such business is to be conducted, and the true name of all persons engaged therein, and providing further that the failure to comply with such requirements shall prevent the maintaining of any suit in the courts of this state. This contention is without merit. While other reasons may suggest themselves, based upon the fact that respondents were brought into court to answer the suit of appellant, it is sufficient to say that this

objection can only be raised by demurrer or answer, which was not done. *Hale v. City Cab, Carriage & Tranfer Co.*, 66 Wash. 459, 119 Pac. 837.

The judgment is affirmed.

CROW, ELLIS, MAIN, and FULLERTON, JJ., concur.