[No. 16246. Department One. June 14, 1921.]

F. B. WILCOX, *Respondent*, v. V. B. MOBLEY *et al.*, *Appellants.*[1]

LIENS (2)—RIGHT TO LIEN—CONSENT OF OWNER. Where the owner of a truck under a conditional sale contract had not authorized and had no notice of repairs placed thereon, his interest in the truck could not be subjected to a lien for labor and material thereon, since Laws 1917, p. 229, authorizes such chattel liens only in case of labor performed or material furnished "at the request of the owner."

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered September 23, 1920, in favor of the plaintiff, in an action to foreclose a mechanics' lien. Reversed.

*George L. Spirk,* for appellant.

MACKINTOSH, J.—The appellant, on October 31, 1919, sold a truck and delivered possession thereof to the

[1]Reported in 198 Pac. 728.

defendant Mobley under a conditional sale contract, which was filed, on November 4, in the office of the auditor of Lewis county. The respondent, in December, began this action to foreclose a chattel lien, alleging that he had performed labor and furnished material on the truck on November 3. The lien notice made no mention of the appellant. By answer, the appellant denied its liability for the claim and alleged that it was the owner of the truck and that at no time had it ordered, sanctioned or authorized any repairs, and had no notice that they were being made, and alleged that no authority existed on the part of any one to order any repairs on appellant's behalf. Judgment was entered against the appellant for the amount of the lien, and foreclosure and sale were ordered. From this judgment, the appellant has prosecuted an appeal.

Chapter 68, Laws of 1917, p. 229, limits the right of a lien of one who has performed labor or furnished material to one who has performed the labor or furnished the material "at the request of the owner." It being indisputable from the evidence that the appellant was the owner of the truck at the time the labor was performed and the material furnished, and there being no evidence that these things were done at the appellant's request, or at the request of any one acting for or on its behalf, and it appearing that the appellant had not ordered, sanctioned or authorized, or had notice of or ratified the performance of the labor and the furnishing of the material, the judgment was erroneous in so far as it affects the appellant, and is reversed.

PARKER, C. J., BRIDGES, HOLCOMB, and FULLERTON, JJ., concur.