[No. 16664. Department One. December 8, 1921.]

WALTER THOMPSON, *Appellant*, v. T. THOMPSON *et al.*, *Respondents*.[1]

LIENS (2)—STATUTORY LIENS—RIGHT TO LIEN — CONSENT OF OWNER—STATUTES. One repairing an automobile at the request of a gratuitous bailee of the car is not entitled to a lien for services as against the owner, under Laws 1917, p. 229, § 1, which authorizes a lien for labor performed or materials furnished in the repair of a chattel "at the request of the owner."

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 20, 1921, upon findings in favor of the defendants, in an action in replevin, tried to the court. Reversed.

*Henry Clay Agnew,* for appellant.

*E. C. Hudson,* for respondents.

[1]Reported in 202 Pac. 261.

BRIDGES, J.—Suit to recover possession of an automobile. At the time of the commencement of this action the plaintiff was, and for some time prior thereto had been, the owner of a certain automobile which was in the possession of defendant. Plaintiff took possession under the claim and delivery statutes. There was a judgment in favor of the defendant, from which the plaintiff has appealed. None of the testimony has been brought to this court, and the sole question is whether the findings of fact made by the trial court support the conclusions and judgment.

The court found that the appellant, plaintiff below, was the owner of the automobile in question, and that the respondent, defendant below, was an automobile mechanic; that the appellant gave one Morris the possession of the automobile, "as a gratuitous bailee for a period of several months"; that Morris did not hold such possession by virtue of any agreement to purchase and was not the appellant's agent; that the respondent made certain repairs upon the automobile at the request of Morris, while the latter had possession, and that respondent had not been paid for his services, and that he retained the machine and filed a lien thereon as provided by statute. The court also found that the appellant had no knowledge of the fact that Morris had ordered the materials or labor, and never authorized him so to do. Based upon these findings, the court concluded that the respondent was entitled to judgment for the return of the automobile, or, in the event of failure to return it, judgment against the appellant and his surety for the amount of the lien. The judgment follows the conclusions.

It is plain to us that the findings do not support the court's conclusions or the judgment. Section 1, Laws of 1917, p. 229, provides that every person performing labor or furnishing materials in the construction or

repair of any chattel, "at the request of the owner," shall have a lien. The trial court expressly found that the appellant did not request or authorize this work, and that Morris, when he ordered the work to be done, did not represent appellant and was not his agent. Since, under the statute, the lien may be had only where the work was done at the request of the owner or his agent, we must conclude, under the facts as found by the trial court, and which we cannot review, that the respondent had no right to a statutory lien.

The appellant cites the recent case of *Wilcox v. Mobley,* 116 Wash. 118, 198 Pac. 728, as controlling here, while the respondent calls our attention to the case of *Crosier v. Cudihee,* 85 Wash. 237, 147 Pac. 1146. Neither of those cases are controlling in fact here, but the *Wilcox* case is controlling in principle. The facts of those two cases are very much the same. In each the chattel had been sold under the terms of a conditional sales contract and the purchaser put into possession, and in each the purchaser had repairs made without the request or knowledge of the seller, and in each the person making the repairs had filed a lien for his services. In the *Crosier* case, we held that the lien might be enforced, and in the *Wilcox* case we held to the contrary. This apparent conflict is accounted for by a change in the lien statutes. The *Crosier* case was controlled by § 1154 *et seq.,* Rem. Code. The *Wilcox* case was controlled by Laws of 1917, ch. 68, p. 229. Section 1156, Rem. Code, provided:

"Every person who is in possession of a chattel, under an agreement for the purchase thereof, . . . shall, for the purposes of this act, be deemed the owner thereof . . ."

The 1917 amendment of this section eliminated the provision just quoted from the original section. The only thing in the sections as amended affecting this

question is that the person doing the work on the chattel may have a lien, provided the work was done at the "request of the owner."

The judgment is reversed, and the case remanded with directions to the lower court to enter judgment in favor of the appellant, plaintiff below.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.