[No. 25922. Department Two. May 25, 1936.]

JANE K. VANDERPOOL, *Respondent*, v. J. E. VANDER-POOL, *Appellant*.[1]

*W. G. Coleman*, for appellant.
*George W. Thompson*, for respondent.

MAIN, J.—The plaintiff brought this action for a divorce. The defendant resisted the application of the plaintiff in his answer, and, by cross-complaint, sought a divorce for himself. The trial resulted in findings of fact from which the court concluded that each of the parties was entitled to a divorce. A judgment was entered in accordance with the findings and conclusions which made a division of the property and fixed an attorney's fee in favor of the plaintiff in the sum of $150. The defendant appealed from this judgment, and especially from that part thereof which pertained to the division of the property and the fixing of the attorney's fee.

[1] Reported in 57 P. (2d) 1253.

The parties were married March 28, 1923. No children have been born as the result of the marriage. At the time of the marriage, the respondent was thirty years of age and the appellant sixty-two. Neither of the parties, when they were married, had any considerable amount of property, though the appellant owned two lots in the city of Walla Walla. During the time that the parties lived together, which was for a period of about twelve years, each of them contributed to the household expenses and made investments, some of which were not successful.

During the time that the parties lived together, the appellant was either city or county health officer, and at the time of the trial his salary was two hundred fifty dollars per month, though early in their married life it had been more than that. The respondent was a trained and educated librarian, and during all the time after the marriage, with the exception of a short period during the first year, was employed as a librarian. At the time of the trial and for sometime prior thereto, she had been employed as librarian in the Veterans Hospital, which is located near the city of Walla Walla, at a salary of $146.40 per month.

The trial court found the value of the real estate, which the appellant owned at the time of the marriage, to be of the value of three thousand dollars at the time of the trial. In addition to this, it was found that the 129 shares of the Burroughs Adding Machine Company stock, which the appellant purchased, were of the value of $1,119. These were two of the principal items of the property. There was the further finding that the net worth of the property in possession of the appellant at the time of the separation of the parties was the sum of $5,569, and that that in possession of the respondent was $1,455. In the division of the property, the appellant was given the real estate, and the re-

spondent the 129 shares of the Burroughs Adding Machine Company stock.

As stated by the appellant, there had been no agreement between the parties to keep their earnings separate. With reference to the division of the property, particular complaint is made to giving the Burroughs Adding Machine Company stock to the respondent.

Rem. Rev. Stat., § 989 [P. C. § 7508], provides that, in granting a divorce, the court shall make such a disposition of the property of the parties as shall appear just and equitable. Without reviewing the evidence in detail, we find nothing in the record that would justify this court in disturbing the judgment of the trial court as to the division of the property. This is a matter to which the trial court gave diligent and attentive consideration, and the record justifies the conclusion to which it came. There has been some suggestion that the stock mentioned was worth more than the figure placed upon it by the trial court, but we think the judgment should not be disturbed in this regard.

Giving consideration to all the surrounding facts and circumstances, including the respective ages of the parties and their earning capacity, we think the division of the property made by the trial court meets the requirement of the statute that it should be just and equitable. It would serve no useful purpose to review the cases cited by the respective parties, because in a matter of this kind each case must, of necessity, depend largely upon its own facts.

As to the attorney's fee, the appellant says that: "What is a reasonable fee in a contested case requires at least some evidence," and that no evidence was offered in this case on that matter. The matter of fixing the attorney's fee involved the exercise of the discretion of the trial court, and the court had the

power to fix the fee without evidence as to its reasonableness. *Griffith v. Griffith,* 74 Wash. 284, 133 Pac. 443; *Sherwood v. Wise,* 132 Wash. 295, 232 Pac. 309.

The judgment will be affirmed.

BEALS, HOLCOMB, and BLAKE, JJ., concur.

MILLARD, C. J. (dissenting)—I find no merit in the assignment respecting the attorney's fee. Other than that, from the cold record, it is clear that appellant is entitled to the relief sought.