[No. 10109–9–I.  Division One.  April 27, 1983.]

DEARBORN LUMBER CO., *Respondent*, v. UPTON ENTERPRISES, INC., *Defendant*, RODNEY UPTON II, ET AL, *Appellants*.

*David Olwell,* for appellants.

*Stanley N. Kasperson* and *David A. Webber,* for respondent.

RINGOLD, J.—Defendants, Rodney Upton II and Jane Doe Upton,[1] appeal from a judgment against them for monies owed on an account, interest and costs. Upton challenges the plaintiff's capacity to sue and the trial court's findings that the defendant was personally liable for the debt. Finding no error by the trial court, we affirm.

The plaintiff, Dearborn Lumber Company (Dearborn), is a Washington corporation doing business as a seller of construction materials under the name of Alki Lumber and Hardware (Alki). Rodney Upton contacted Alki by phone and placed an order for building supplies. Alki verified Upton's credit references and agreed to sell the materials to him on credit. Alki then delivered materials worth

---

[1]For simplicity, we refer to the Uptons in the singular.

$5,114.78 to Upton, on open account.

Dearborn brought suit to collect the amount owed on this account. At the bench trial, the sole contested issue was whether the debt had been incurred by Upton personally or by the corporation of which he is president, Upton Enterprises, Inc. Employees of Alki testified that they were unaware of the existence of Upton Enterprises, Inc., and had extended credit to Upton as an individual. Upton testified that he had been acting as an agent of the corporation. No evidence was presented showing that Upton had ever informed Alki Lumber that he was acting on the corporation's behalf.

## CAPACITY TO SUE

█ Upton now contends that Dearborn was barred from bringing suit by RCW 19.80.040,[2] because it failed to allege and prove compliance with the assumed name statute, RCW 19.80.010.[3] Though from the record before us it appears that this issue is raised for the first time on appeal, Upton states that he raised it in closing argument. That was too late.

The assumed business name filing requirements go only

---

[2]RCW 19.80.040 provides, in pertinent part:

"No person or persons carrying on, conducting or transacting business . . . shall hereafter be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in RCW 19.80.010, . . ."

[3]RCW 19.80.010 provides, in pertinent part:

"No person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the true and real name or names of the person or persons conducting such business or having an interest therein, unless such person, or all of such persons, . . . shall file a certificate with the department of licensing, which certificate shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties conducting, or intending to conduct, the same, or having an interest therein, together with the post office address or addresses of said person or persons . . ."

to capacity to sue. They were enacted in their present form in Laws of 1907, ch. 145. The objection must be raised by appropriate preliminary pleading, CR 9(a), or by answer. *Crosier v. Cudihee*, 85 Wash. 237, 239–40, 147 P. 1146 (1915). Since Upton did not challenge the plaintiff's capacity until after his answer, this assignment of error is deemed waived. *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 462, 119 P. 837 (1912).

### SUFFICIENCY OF THE EVIDENCE

Upton next assigns error to the trial court's findings and conclusions regarding personal liability. Much of his argument is aimed at demonstrating that the trial court erroneously applied the doctrine of "piercing the corporate veil." This argument misconstrues the basis of the trial court's decision.

In its findings of fact, the trial court found that Dearborn had not been informed of the existence of Upton Enterprises, Inc., or of Upton's wish that credit transactions should be charged on an account for Upton Enterprises, Inc. It further found that credit had been extended to Upton in his individual capacity and concluded that he was personally liable for the amount due.

Where the trial court has weighed the evidence, appellate review is limited to determining whether substantial evidence supports the findings and, if so, whether the findings in turn support the trial court's conclusions of law and judgment. *Ridgeview Properties v. Starbuck*, 96 Wn.2d 716, 719, 638 P.2d 1231 (1982). Our review of the record indicates that the trial court's findings of fact on this issue are supported by substantial evidence. The findings in turn clearly support the trial court's conclusions of law and judgment.

### SANCTIONS FOR A FRIVOLOUS APPEAL

Dearborn contends that this is a frivolous appeal brought for the purpose of delay, and requests that sanctions be imposed against appellants. RAP 18.9(a) provides, in part:

> The appellate court . . . on motion of a party may order a party or counsel who uses these rules for the purpose of delay . . . to pay terms or compensatory damages to any other party who has been harmed by the delay . . .

The criteria for determining whether sanctions are appropriate under this rule are, as follows:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Streater v. White,* 26 Wn. App. 430, 435, 613 P.2d 187 (1980).

[3] Viewing the record as a whole and resolving all doubts in the defendant's favor, we conclude this is a frivolous appeal brought for the purpose of delay, warranting the imposition of sanctions. Upton seeks to establish a challenge to a plaintiff's capacity to sue without recognizing the pertinent rules of pleading or discussing the well established law governing the issue. The defendant presents no debatable issues; the appeal challenges factual findings which are supported by substantial evidence. It is well settled that this court is constitutionally prohibited from substituting its judgment for that of the trial court in factual matters. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). Since this appeal is totally devoid of merit, we impose $1,000 as terms and sanctions against the appellants, Rodney Upton II and Jane Doe Upton, husband and wife, payable to Dearborn. RAP 18.9(a); *Streater v. White, supra.* Dearborn, as prevailing party, is also awarded its costs on appeal. Rules of Appellate Procedure, Title 14.

Affirmed.

Swanson and Scholfield, JJ., concur.