

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE **JUL 27 2017**

~~Fairhurst, CJ~~
CHIEF JUSTICE

This opinion was filed for record

at **8:00 am** on **July 27, 2017**

for SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| BUSINESS SERVICES OF AMERICA II, INC., | NO. 9 4 0 8 8 - 6 |
| Petitioner, | |
| v. | EN BANC |
| WAFERTECH, LLC, | |
| Respondent. | Filed: **JUL 27 2017** |

PER CURIAM—The parties to this suit have waged protracted litigation, yet only recently did defendant WaferTech LLC assert that the named plaintiff lacked capacity to sue. Specifically, WaferTech argued that there was no such corporate entity as Business Services *of* America II Inc., as the plaintiff had identified itself. The "true" plaintiff, Business Service America II Inc. (BSA), asked the trial court to amend the caption to correct the misnomer, but the trial court held that as named in the caption the plaintiff lacked the capacity to sue. The Court of Appeals affirmed, and BSA petitioned for this court's review. Because WaferTech waived any right to

protest the misnomer by participating in years of litigation under the erroneous caption, we grant review and reverse the Court of Appeals.

## FACTS

This case began in the mid-1990s when WaferTech constructed a large industrial facility in Camas. It hired Meissner Wurst Zander, U.S. Operations Inc. as its general contractor, and Meissner in turn hired Natkin/Scott as a joint venture subcontractor to handle a specialized aspect of the project. Meissner eventually terminated Natkin/Scott for alleged safety violations. In response, Natkin/Scott filed a lien on the WaferTech property for $7.6 million for furnished labor, material, and equipment. Natkin/Scott then assigned its rights and claims to BSA, a corporation apparently created for the sole purpose of pursuing the Natkin/Scott claims.

BSA filed an amended complaint that listed the plaintiff as "Business Services of America II, Inc.," rather than BSA's correct incorporated name, "Business Service America II, Inc." The trial court eventually entered judgment for WaferTech. In 2004, the Court of Appeals largely affirmed but remanded for trial on a lien foreclosure claim. *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, noted at 120 Wn. App. 1042, 2004 WL 444724. Following remand, the case went dormant. BSA became a void corporation in Delaware as of 2006, then went through a receivership and changed ownership. In 2009, the then-owner of BSA noted the case for trial on the lien claim. The trial court dismissed the suit, but the Court of Appeals reversed and this court affirmed on the basis the dismissal was improper under CR 41(b)(1) because the case had already been noted for trial. *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, 174 Wn.2d 304, 313, 274 P.3d 1025 (2012).

Following remand, BSA filed a third amended complaint, asserting only its sole remaining claim for lien foreclosure. Again, the amended complaint listed the plaintiff as "Business Services *of* America II, Inc." WaferTech moved for summary judgment, arguing that a previous settlement between Meissner and Natkin/Scott had completely offset the lien claim. In 2013, the trial court granted WaferTech's motion and dismissed the third amended complaint, awarding costs and attorney fees to WaferTech. BSA filed a notice of appeal.

Following the filing of BSA's appeal, WaferTech moved in the Court of Appeals to dismiss the appeal, asserting that there was no record that a company named Business Services of America II Inc. had ever existed and, thus, BSA was not an "aggrieved party" entitled to appeal under RAP 3.1. A commissioner of the Court of Appeals denied the motion without prejudice to WaferTech raising the issue in its responsive brief. BSA subsequently filed in superior court a "Motion to Correct Judgment and Amend Pleading, or to Substitute a Party" under CR 60(a), acknowledging that the complaint had been erroneously titled years earlier and that the correct name of the corporation is Business Service America II Inc. (not "Services of"), which was incorporated under Delaware law in 1999. The trial court denied the motion, and BSA appealed that ruling.

The Court of Appeals consolidated the appeals. Finding no error in the trial court's denial of BSA's CR 60(a) motion, the court affirmed the denial. As a result, in the court's view, "Business Services *of* America II, Inc.," remained the appellant in the case. But as to WaferTech's argument that there was no such legal entity with the capacity to sue, the court held that the issue could not be determined on the appellate record. The court therefore remanded for a factual determination of the named

plaintiff's legal status and its ability to pursue an appeal against WaferTech. *See Bus. Servs. of Am. II, Inc. v. WaferTech LLC*, No. 45325-8-II (Wash. Ct. App. Oct. 21, 2014) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2045325-8-II%20%20Unpublished%20Opinion.pdf. In light of the remand order, the court did not reach BSA's substantive challenges to the 2013 summary judgment and the award of attorney fees to WaferTech.

On remand, BSA moved for a ruling that the improper heading was simply a misnomer and that WaferTech had known since 2001 that "BSofA" was the same entity as "BSA." The trial court instead viewed the remand order as strictly limiting it to determining whether the named plaintiff, as entitled, was a legal entity. Plaintiff's counsel admitted that the misnamed company did not exist. The court entered factual findings that "BSofA" was a nonentity with no legal standing and accordingly dismissed the amended complaint. The Court of Appeals affirmed, and in light of its holding, it again did not reach BSA's substantive challenges to the summary judgment order and the attorney fees award.

BSA filed a petition for review in this court. We grant the petition and reverse the Court of Appeals.

## ANALYSIS

Generally, any objection to the capacity of a business to bring suit based solely on the identity of the named plaintiff must be raised in a preliminary pleading or by answer or the objection is deemed waived. *See Dearborn Lumber Co. v. Upton Enters., Inc.*, 34 Wn. App. 490, 493, 662 P.2d 76 (1983) ("doing business as" objections only go to capacity; such objections were waived); *Crosier v. Cudihee*, 85 Wash. 237, 239, 147 P. 1146 (1915) (objection that party was doing business under

assumed name without complying with "doing business as" regulations was waived); *Lee v. Lee*, 3 Wash. 236, 239, 28 P. 355 (1891) (objection to misnomer of the plaintiff waived by filing an answer on the merits). Waiver particularly results when the parties have appeared in court and significantly participated in the litigation without making any objection. *See Crosier*, 85 Wash. at 239. Such is the case here.

The parties have known each other and litigated this case for many years. The parties have met in superior court, in multiple appeals in the Court of Appeals, and in a fully briefed and argued review in this court. As the above citations to the appellate decisions in this case indicate, the case has been consistently captioned identifying BS*of*A as the named plaintiff, yet until now WaferTech has not objected. Throughout this litigation, it has won judgments against BSA for attorney fees and has apparently already collected payment from BSA on some of those judgments. In these circumstances, WaferTech has waived any objection to the misnomer in the captioning.

Because WaferTech waived any objection, the trial court erred in denying BSA's request to correct the caption so it could proceed with the appeal. WaferTech argues that BSA may not now challenge the trial court's initial denial of BSA's motion to correct the caption because it did not seek this court's review of the Court of Appeals 2014 decision affirming the denial and remanding, making that decision the law of the case. But the law of the case doctrine is discretionary, and this court will not apply the doctrine in a manner that perpetuates an error made in an earlier appeal of the same case, causing a manifest injustice. *Greene v. Rothschild*, 68 Wn.2d 1, 8, 414 P.2d 1013 (1966); RAP 2.5(c); *see also State v. Worl*, 129 Wn.2d 416, 424-25, 918 P.2d 905 (1996). Dismissing a case after more than a decade of litigation

simply because of a misnomer in the caption is manifestly unjust and disserves the economy of judicial resources. We will therefore not apply the law of the case so as to preclude reconsideration of the propriety of denying BSA's motion to correct the caption.

The Court of Appeals is reversed, and the matter is remanded to the Court of Appeals to reverse the trial court's denial of BSA's motion to correct the caption and to address BSA's substantive challenges to the 2013 summary judgment and attorney fees award.[1]

---

[1] Justice Wiggins did not participate in this case.