**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| ROBIN HOOD VILLAGE MHC, LLC, | No. 53966-7-II |
| Respondent, | |
| v. | |
| AUSTIN JANSEN, | UNPUBLISHED OPINION |
| Appellant, | |
| TYLER JANSEN and JANE DOE, and all other occupants, | |
| Defendants. | |

GLASGOW, A.C.J.—Austin Jansen and his mother lived in his brother's recreational vehicle in Robin Hood Village Mobile Home Park. Jansen's brother, Tyler,[1] had a written rental agreement with Robin Hood, but Jansen was not an authorized occupant. After Tyler became delinquent in rental payments, Robin Hood served Tyler with a five-day notice to pay rent or vacate and served Jansen and his mother with a three-day notice to quit the premises. Tyler failed to pay rent, and Jansen and his mother did not vacate the premises, so Robin Hood filed an unlawful detainer action.

At a show cause hearing, the trial court entered a judgment against Tyler and Jansen for unpaid rent, as well as attorney fees and costs, and ordered a writ of restitution giving Robin Hood

---

[1] Because Tyler shares a last name with Appellant Jansen, we refer to him by his first name to avoid confusion.

possession of the premises. Jansen moved for reconsideration, and the trial court denied the motion. Jansen now appeals the trial court's judgment against him and the trial court's order denying his motion for reconsideration. We affirm.

## FACTS

In October 2015, Tyler entered into a rental agreement with Robin Hood Village MHC LLC for a lot in Robin Hood Village Mobile Home Park. The rental agreement did not allow any additional occupants, and it required that a daily fee be paid for any guests. At some point, Tyler's brother, Jansen, and their mother moved into Tyler's recreational vehicle and Tyler moved to Tampa, Florida. Neither Austin nor his mother was added to the rental agreement as an authorized occupant.

In May 2019, Tyler became delinquent in rental payments. Robin Hood served Tyler with a five-day notice to pay rent or vacate and served Jansen with a three-day notice to quit the premises. After Tyler failed to pay rent and Jansen failed to vacate, Robin Hood filed a complaint for unlawful detainer alleging, in relevant part, that Jansen was unlawfully occupying the mobile home park.

Following the show cause hearing, the trial court entered a writ of restitution and judgment finding that Jansen was properly served with a three-day notice to quit the premises, failed to comply, and was unlawfully detaining the premises. The trial court ordered Jansen and Tyler to pay outstanding rent and attorney fees and costs.

Jansen moved for reconsideration, which the trial court denied. Jansen appeals.

No. 53966-7-II

ANALYSIS

Jansen does not assign error to the trial court's findings of fact. Rather, Jansen renews on appeal the arguments made to the trial court in his motion for reconsideration. He argues that (1) Robin Hood lacked the proper license to maintain a lawsuit as a landlord, (2) Robin Hood lacked the requisite "endorsement" to operate as an active mobile home park, (3) Robin Hood failed to register its trade name and thus cannot bring suit in Washington, and (4) Jansen has no legal obligations to Robin Hood because he never entered a written lease agreement.[2] We disagree with all of Jansen's arguments and affirm the trial court's judgment finding him liable for unlawful detainer. We also affirm the trial court's order denying Jansen's motion for reconsideration.

The Manufactured/Mobile Home Landlord-Tenant Act (MHLTA), chapter 59.20 RCW, governs the legal rights, remedies, and obligations between mobile home park landlords and tenants. *Commonwealth Real Estate Servs. v. Padilla*, 149 Wn. App. 757, 762, 205 P.3d 937 (2009); *see also Allen v. Dan & Bill's RV Park*, 6 Wn. App. 2d 349, 428 P.3d 376 (2018) (holding that the MHLTA applied to a park where a tenant's trailer was not affixed to the ground but was intended for permanent residence and installation). In unlawful detainer actions such as this, the MHLTA defers to the procedures in the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW. *Hartson P'ship v. Goodwin*, 99 Wn. App. 227, 230, 991 P.2d 1211 (2000).

An unlawful detainer action is a statutorily created proceeding that provides an expedited resolution to a conflict over the right to possession of property. *Country Manor MHC, LLC v. Doe*,

---

[2] Jansen raises several new arguments for the first time in his reply brief. We will not consider issues argued for the first time in the reply. RAP 10.3(c); *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014). To do so would be inconsistent with the Rules of Appellate Procedure and unfair to the respondent. *Ainsworth*, 180 Wn. App. at 78 n.20.

176 Wn. App. 601, 612, 308 P.3d 818 (2013). A landlord in an unlawful detainer action may apply for an order directing the defendant to appear and show cause why a writ of restitution should not be issued restoring possession to the landlord. RCW 59.18.370; RCW 59.20.040. At the show cause hearing, a defendant may answer orally or in writing and assert any legal or equitable defenses to the action. RCW 59.18.380. At the hearing, if it appears to the trial court that the landlord has the right to possession of the property, the trial court must enter an order directing the issuance of a writ of restitution. *Id.*

We review the trial court's judgment to determine whether its challenged findings of fact are supported by substantial evidence and whether the findings support its conclusions of law. *Padilla*, 149 Wn. App. at 762. We review a trial court's decision to grant or deny a motion for reconsideration for abuse of discretion. *Martini v. Post*, 178 Wn. App. 153, 161, 313 P.3d 473 (2013). A trial court abuses discretion when its decision is based on untenable grounds or reasons. *Wagner Dev., Inc. v. Fid. & Deposit Co. of Md.*, 95 Wn. App. 896, 906, 977 P.2d 639 (1999).

## I. BUSINESS LICENSE

First, Jansen argues that Robin Hood lacked the proper business license under RCW 25.15.046 to act as a landlord. We disagree.

RCW 25.15.046 authorizes the formation of a professional limited liability company. Nothing in RCW 25.15.046 requires a person or entity to establish a particular business license in order to enforce their property rights as a landlord. Whether or not Robin Hood has a business license under RCW 25.15.046 has no bearing on its ability to initiate legal action in an unlawful detainer action. The MHLTA defines a "landlord" as "the owner of a mobile home park and includes the agents of a landlord." RCW 59.20.030(6). Jansen does not dispute that Robin Hood

owns the mobile home park. Accordingly, Jansen fails to show that Robin Hood was somehow precluded from acting as a landlord and bringing this action.

## II. "ENDORSEMENT"

Second, Jansen argues that Robin Hood lacked a "Mobile Home Park Endorsement" pursuant to RCW 59.30.050 and, as a result, Robin Hood was precluded from lawfully effecting service of its unlawful detainer action. Appellant's Br. at 9. We disagree.

Chapter 59.30 RCW establishes a dispute resolution program for manufactured/mobile home communities and their tenants. RCW 59.30.050 provides that all manufactured/mobile home communities must register with the State and pay registration fees. Jansen offers no evidence that Robin Hood is not in compliance with RCW 59.30.050's registration requirements. Moreover, nothing in RCW 59.30.050 precludes a mobile home community landlord from taking legal action against tenants or another party. Indeed, RCW 59.30.040(13) expressly provides:

> This section is not exclusive and does not limit the right of landlords or tenants to take legal action against another party as provided in chapter 59.20 RCW or otherwise. Exhaustion of the administrative remedy provided in this chapter is not required before a landlord or tenants may bring a legal action.

Jansen's claim fails.

## III. TRADE NAME

Third, Jansen argues that Robin Hood had not registered the business trade name "Robin Hood Village Mobile Home Park" and could therefore not maintain the lawsuit against him. Appellant's Br. at 10. RCW 19.80.010 requires an entity to register a trade name with the State in order to bring a lawsuit in Washington courts. A challenge to a plaintiff's capacity to sue based on trade name filing requirements must be raised in a preliminary pleading or in a defendant's answer. *Dearborn Lumber Co. v. Upton Enters., Inc.*, 34 Wn. App. 490, 493, 662 P.2d 76 (1983). Jansen

did not raise this issue until his motion for reconsideration, which was too late. His argument is therefore waived.

Even if Jansen had not waived this argument, this claim would still fail. Robin Hood did not use a trade name when it filed its lawsuit against Jansen. The lawsuit named "Robin Hood Village MHC, LLC" as the plaintiff. Clerk's Papers at 1. Robin Hood Village MHC LLC is the "'[t]rue and real name'" of the entity registered with the Secretary of State. *See* RCW 19.80.005(c). Jansen cannot show that Robin Hood was barred from bringing suit based on noncompliance with RCW 19.80.010.[3]

## IV. RENTAL AGREEMENT

Finally, Jansen argues because he never agreed to or signed any written lease agreement with Robin Hood, he has no legal obligations to Robin Hood. We disagree.

It is undisputed that Jansen did not have a rental agreement with Robin Hood. That Jansen was not a tenant of record does not shelter him from liability for unlawful detainer. RCW 59.12.030(6), under which Robin Hood brought its unlawful detainer action against Jansen, applies when a person enters upon land of another, without permission of the owner and without having color of title, and fails or refuses to remove therefrom after three days' notice. Such a person may be held liable for unlawful detainer. *See Bellevue Square Managers, Inc. v. GRS Clothing, Inc.*, 124 Wn. App. 238, 245, 98 P.3d 498 (2004).

The trial court found that Jansen was in possession of the premises, was served with a three-day notice to quit, and failed to comply. Jansen does not assign error to these findings and

---

[3] RCW 19.80.005 defines the terms "'trade name'" and "'true and real name.'" A "'true and real name'" is the name of the entity that is registered with the Secretary of State. RCW 19.80.005(5)(c).

they are verities on appeal. *In re Det. of W.C.C.*, 193 Wn. App. 783, 793 n.5, 372 P.3d 179 (2016). Accordingly, Jansen was unlawfully detaining the premises under RCW 59.12.030(6), and the trial court did not err by finding him liable.

## V. ATTORNEY FEES AND COSTS

Robin Hood argues that it is entitled to appellate attorney fees and costs under RCW 59.20.110 and RAP 18.1. RCW 59.20.110 provides that "[i]n any action arising out of this chapter, the prevailing party shall be entitled to reasonable attorney's fees and costs." Because Robin Hood prevails on this appeal arising under the MHLTA, we hold that it is entitled to attorney fees and costs on appeal.

## CONCLUSION

In conclusion, we hold that the trial court's unchallenged findings of fact support its conclusions of law finding Jansen liable for unlawful detainer of the premises in Robin Hood Village Mobile Home Park. We further hold that the trial court did not abuse its discretion by denying Jansen's motion for reconsideration. Jansen fails to identify any legal or factual grounds for reversal. We therefore affirm the trial court's judgment and order and award Robin Hood attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Cruser, J.

Veljacic, J.